CYRUS BROWN *v.* O. W. B. HULL.

When an infant commences an action in the name of his *next friend*, the person so named as next friend is not regarded, for any purpose, as a party to the suit.

And where such suit is defaulted, and the defendant, in pursuance of the statute, petitions the county court to vacate such judgment, on the ground that he was deprived of his day in court, by reason of accident, &c. such petition need not be served upon such *next friend*, nor is it necessary that he be named in it; if served upon the infant, it is all that the statute requires, and the court, when the action is entered, must appoint a guardian *ad litem* to defend for him.

85

The question, whether a defendant, in a suit brought before a justice, was deprived of his day in court before the justice by *accident*, is one of fact merely; if decided by the county court, the supreme court cannot revise, nor examine, their decision.

THIS was a petition to the county court, under the statute, to be relieved from a judgment, rendered by a justice of the peace against the defendant by default, and to be allowed a trial, as upon an appeal,—alledging that the petitioner was deprived of his day in court before the justice by accident.

It appeared that the petitionee was a minor, and that the original suit was prosecuted by him by L. P. Poland as his "next friend," and that in the petition no mention was made of said Poland, as such "next friend," and no service of the petition was made upon him, nor notice of it given by the petitioner to him. The petition was served upon the petitionee in the same manner as a writ of summons is required by law to be served. After the petition was entered in court, the petitionee filed a motion to dismiss the same, assigning, as cause, a variance in the description of the parties to the original process. But the county court overruled the motion, and, at the suggestion of the petitioner appointed a guardian *ad litem* for the petitionee; to which the petitionee excepted.

In support of the petition it was proved that the petitioner intended to be present with his counsel and witnesses in due season, at the trial before the justice in the original case, on the day to which that case stood continued, and that he was delayed by the unusual badness of the roads until after judgment by default had been rendered; and that, within two hours after the rendition of such judgment, he applied to the justice who rendered the judgment, to be allowed a trial in the case,—but was refused.

The county court, upon these facts, decided that the petitioner was entitled to the relief prayed for, and granted the prayer of the petition; to which the petitionee also excepted.

*Poland* for petitionee.

The question arising upon the motion to dismiss, in this case, is, whether the *prochein ami* ought to have been made a party to the petition and was entitled to have the same served upon him? It was necessary for Hull to bring his suit either by his *guardian* or

by his *prochein ami*, and had he brought it in any other manner it would have been bad. *Hinman* v. *Taylor*, 2 Conn. 357. Reeve's Dom. Rel. 264. 1 Bl. Com. 464. 1 Ch. Pl. 284, note z. *Coomes* v. *Knapp*, 11 Vt. 543. *Peachy* v. *Harrison*, 1 Ld. Raym. 232. If, then, the *prochein ami* was a proper and necessary party to the original suit, could the original defendant, by his own act, sever the parties, and drive the *prochein ami* out of the case?

This petition for a new trial was not an original suit, in which the petitioner had a right to select who he would make parties, but was merely an incident or appendage to the original suit; and whoever were parties in the original suit must be made parties to the petition, as the statute provides, that, if the petition is granted, and the cause opened the court shall proceed to hear, try and determine the *original suit* in the same manner as if the same were carried up by appeal. Rev. St. 211, § 8. If the cause had gone up to the county court by appeal, the *prochein ami* must necessarily have gone up with it as a necessary party, and of course he must be a necessary party to the suit, when brought into court in this manner. *Gleason* v. *Peck et al.*, 12 Vt. 56.

Again—the statute, sec. 9, requires that the petition, and citation annexed thereto, shall be served on the adverse party, &c.;—and this is the only way provided for bringing the adverse party again into court. In this case no service of the petition was made upon the *prochein ami*, and, if he is a necessary party, the petition should have been dismissed, as he is not in court.

The authorities seem fully to establish the doctrine that a *prochein ami* is responsible for costs. If so,—there would seem to be no doubt but that he is not only a necessary party, but the principal and responsible plaintiff in the suit. *Finley* v. *Jacob*, 13 East 6 and note. Reeve's Dom. Rel. 265, 266. 1 Ch. Pl. 284, note z.

2. Ought the case to have been opened upon the showing of the petitioner?

This case was legally defaulted by the justice, and the defendant was not entitled, as a matter of right, to any extension of time whatever, in which to appear and answer to the suit. It was a matter of discretion with the justice whether to allow an appearance after that time, or not, and, he having decided not to permit an appearance, his decision upon that point cannot be reviewed.

*Vail & Upham* and *H. P. Smith* for petitioner.

1. From the facts proved by the petitioner the county court, in their discretion, and under "such terms" as they thought proper to impose, permitted the case to be entered ;—their action in this, we insist, cannot be revised here. The exceptions show that the petitioner "intended to be present, and have a trial," but was prevented from arriving at the place of trial, at the time to which the cause had been continued, by the "accident," that he was necessarily detained one hour, or more, in his journey to said place, by the "unusual" (or in other words accidental) "badness of the roads." It would seem that the statute was intended to reach cases of this character and afford relief to the party.

2. As to the motion to dismiss ; the *prochein ami* was a party to the time of the default of the justice suit, but the petition was an adversary proceeding against the infant, to which the *prochein ami* in the justice suit was no party; and indeed the *prochein ami* of the justice suit could not defend the adversary proceedings of the petition, without being appointed *guardian* ; for an infant must defend by *guardian,* and not by *prochein ami. Simpson et al. v. Jackson,* Cro. Jac. 641. Bingh. on Infancy 123, and cases cited. 2 Saund. Rep. 117 (n. 1.) Co. Litt. 135. 1 Chit. Pl. 461. Reeve's Dom. Rel. 267.

The opinion of the court was delivered by

Hebard, J. 1. Did the court err in not dismissing the petition ? This depends upon another question,—and that is, who was the party ? If the *prochein ami* was the party, the petition should have been dismissed ; if the minor was the party, the petition should have been retained.

The petition was an adversary proceeding, and must be served upon the infant in the same way that other processes are served upon infants. If he had a guardian, the guardian should have been cited in to defend ;—if not, then a guardian *ad litem* should be appointed by the court. An infant may *sue* by his next friend,—as he did in this case, but he is never *sued* by his next friend. The *next friend* was not named in the petition, nor was it necessary that he should be. The statute requires the petition to be served upon the adverse party ; and it was served upon the infant, who is the *ad-*

*verse party.* The next friend is not regarded as a party for any purpose. The judgment is not against him. If he had been cited, and had paid no attention to the citation, the court must have appointed a guardian. The next friend could not be defaulted ;—and whether in any event he may be made liable for costs does not determine this question. If the infant, in the mean time, had arrived at the age of majority, there could be no question, I suppose, but what he would be the party.

This petition is a separate and distinct proceeding, although based upon the other,—but it is optional with the *petitioner* whether it shall be instituted ; and when he has determined to prosecute his petition he must serve it upon the other party, in the same way that original suits are served.

2. Did the court err in sustaining the petition upon the facts, as detailed in the bill of exceptions? The petition must have been sustained for one of the causes named in the statute, and that must have been *"accident."* But whether the *accident,* upon which he relied, really caused the misfortune, and prevented the petitioner from having his day in court, is a question of fact, upon which the county court have passed, and is not subject to the revision of this court. Judgment affirmed.