HOLLAND BONETT, *by his Father and Natural Guardian* CHATMAN D. BONETT, *v.* JOTHAM E. STOWELL.

*Evidence. Husband and Wife.*

The plaintiff, being an infant, commenced and proscuted his action by his father as his natural guardian, who was not a party to the subject matter of the litigation. *Held,* that the guardian's wife was a competent witness.

TRESPASS for an assault and battery, prosecuted by the plaintiff's father and natural guardian, C. D. Bonett. Plea, the general issue. Trial by jury, December Term, 1863, POLAND, Ch. J., presiding.

On the trial the plaintiff offered as a witness in his half, the wife of said C. D. Bonett. The defendant objected that she was not a competent witness for the plaintiff, but the court overruled the objection, and permitted her to testify for the plaintiff,—to which decision the defendant excepted. Verdict for the plaintiff.

*G. C. & G. W. Cahoon* for the defendant.

The guardian, Bonett, is a party to the suit, made so by law. He sustains the relation of natural guardian, is entitled to his son's earn

ings, and therefore directly interested in the event of the suit, and therefore stands in a different relation from what a stranger or *prochein ami* would or could. He alone is liable for the costs and not the infant. *Finley* v. *Jowle*, 13 East, 6 and note; Reeve's Domestic Relations, p. 265.

In the case of *Cram, Adm'r*, v. *Cram*, the court excluded the evidence of the administrator's wife, although he testified he had no interest in the suit. The same rule should hold good where a suit is prosecuted by a guardian. *Cram, Adm'r*, v. *Cram*, 33 Vt. 15; *Manchester* v. *Manchester*, 24 Vt. 649; *Smith* v. *Potter*, 27 Vt. 304; *Seargent v. Seward*, 31 Vt. 509.

*Bartlett & Thacher*, for the plaintiff.

KELLOGG, J. The plaintiff, being an infant, commenced and prosecuted this suit by his father as his natural guardian. On trial the wife of this guardian was offered, and, against the objection of the defendant, was allowed to testify, as a witness in support of the action. The sole question in the case is, was she a competent witness for the plaintiff? If her husband's relation to the suit was such as to make him a *party* to it, she was incompetent. *Cram, Adm'r*, v. *Cram*, 33 Vt. 15.

Judge REEVE, in his treatise on Domestic Relations, p. 265, says that the better opinion is that no execution for costs can issue against an infant, for costs came in place of the common law amercement *pro falso clamore*, and the infant could not be subject to an amercement, and, of course, could not be liable for its substitute. *Finley* v. *Jowle*, 13 East, 6, recognizes the rule that an infant plaintiff is not liable to costs, though in that case it was held that the infant, having concealed his infancy and prosecuted the suit without a *prochein ami* or guardian, was not entitled, when taken in execution, to be relieved or discharged out of custody. It has always been the rule that a recovery for costs, where an infant plaintiff fails in the action, is against the guardian or *prochein ami* who promotes or prosecutes the suit, and not against the infant. In such a case, the guardian or *prochein ami* is considered to undertake the conduct of the action at his own personal risk in respect to costs, and he becomes liable for the costs accordingly; though, if his conduct was proper in bringing and conducting the suit, the infant's property would ultimately be

made liable to refund the costs.   The appointment of a guardian *ad litem* or *prochein ami* may be revoked by the court, on cause shown, on the application either of the infant or the adverse party.   On the infant coming of age, the authority of the guardian or *prochein ami* ceases, and the infant may remove him and appoint an attorney to continue the action.   2 Chitty's Archbold's Pr., (9th edit.,) 1167, *et seq.*

In this case the guardian was not a party to the cause of action which was in litigation, but was merely the manager and conductor of the suit for the infant, who was the real party, and for whose sole benefit a recovery for damages would enure.   In *Brown* v. *Hull*, 16 Vt. 673, it was held that when an infant commences an action in the name of his next friend, the person so named as next friend is not to be regarded for any purpose as a party to the suit.   The rule must be the same in the case of a guardian as in case of a *prochein ami ;* and, as the guardian in this case was not a party to the subject matter of the litigation, we think that he was not a party to the suit in such a sense as would exclude his wife from testifying as a witness on the trial.

Judgment of the county court for the plaintiff affirmed.