# COUNTY OF CALEDONIA,

### AT THE

## AUGUST TERM, 1868.

PRESENT :

Hon. JAMES BARRETT,
Hon. ASAHEL PECK,
Hon. WILLIAM C. WILSON,  } ASSISTANT JUDGES.
Hon. JOHN PROUT,

---

JAMES DUFFY, *per prochein ami*, v. CLIFFORD PINARD.

*Recognizance.    Prochein Ami.*

A party may properly recognize for costs in a suit of an infant in which he is the *prochein ami*.

TRESPASS, in which one O. S. Burke was the *prochein ami*, and also recognized for costs in the writ.    The defendant filed a plea in abatement on the ground that the writ was sued out in the name of O. S. Burke, as the next friend of said James Duffy, and at the time of suing out said writ the same O. S. Burke recognized as surety for costs of prosecution in said suit.    The defendant also filed a motion to dismiss, for the same cause.

The case was heard on demurrer to the defendant's plea in abatement and motion to dismiss, at the June term, 1868, STEELE, J., presiding. The court held the plea and motion insufficient, and rendered judgment for the plaintiff, to which the defendant excepted.

It was agreed that, if the plaintiff prevailed in the supreme court, the defendant might have the cause remanded, and replead upon the usual terms.

*Jonathan Ross*, for the defendant.

The cause assigned in the plea, is a sufficient ground for the abatement of the writ. Gen. Sts., ch. 33, § 5.

In terms the statute declares that some person shall become responsible for costs, other than the one liable to pay such costs according to the rules of common law. Otherwise there is no meaning in the word *surety*, and no need of any statute in relation to security for costs. If the statute does not positively *assert* the fact, the spirit of the statute is, that some person, other than the party bound to pay costs by common law rules, should become a surety to the defendant for costs. The intention of a statute must govern. 23 Pick., 93.

The next friend is liable for costs in a suit instituted for, and in behalf of, an infant, according to common law. *Bonett* v. *Stowell*, 37 Vt., 258 ; 1 Ves., Jr., 409.; *Phelps* v. *Worcester*, 11 N. H., 51 ; *Grave* v. *Grave*, Cro. Eliz., 33 ; 3 Bac. Ab., 148 ; 1 Swift's Dig., 160 ; Anonymous, 4 E. C. L., 453 ; *Yarworth* v. *Mitchel*, 16 *Ib.*, 100 ; *Hayes* v. *Carr*, 42 *Ib.*, 443.

The next friend is a co-plaintiff with the infant, and can not recognize for costs in a suit for an infant, in accordance with our statute. *Witts* v. *Campbell*, 12 Ves., 492.

The wife of a *prochein ami* has been adjudged an incompetent witness. 1 Green. Ev., § 347 ; *Head* v. *Head*, 3 Atkyns, 511 ; *Throgmorton* v. *Smith*, 2 Stra., 932.

An infant can sue only by guardian or next friend. *Brown* v. *Hull*, 16 Vt., 673 ; *Bonett* v. *Stowell*, 37 Vt., 258. The name of the next friend is as necessary in a writ in favor of an infant, as that of a copartner in a writ in favor of a firm. A suit be--

gun by an infant *alone*, is abatable. *Windsor* v. *Hartford*, 2 Conn., 355, and cases there cited.

*O. S. Burke*, for the plaintiff.

In Vermont, the *prochein ami* is not regarded as a party to the suit, for any purpose. *Brown* v. *Hull*, 16 Vt., 673; *Bonett* v. *Stowell*, 37 Vt., 258.

The *prochein ami* is a species of attorney, who may prosecute a right for an infant, but can do nothing to his injury, and, therefore, can not release nor compromise the infant's suit. Bingham on Infancy, 118, note; *Miles* v. *Kaigler*, 10 Yerg., 10; *Isaacs* v. *Boyd et al.*, 5 Port., 388. And payment to the *prochein ami* is no satisfaction of a recovery, unless ratified by the minor. *Allen* v. *Roundtree*, 1 Speers, 80; *Smith* v. *Redus*, 9 Ala., 99. And the suit may be dismissed without the consent of the *prochein ami*. *Longnecker* v. *Greenwade*, 5 Dana, 516.

The property of the infant is ultimately liable for the costs. Reeve's Dom. Rel., 265; *Bonett* v. *Stowell*, 37 Vt., 258; *Crandall* v. *Slaid*, 11 Metcalf, 288; *Smith* v. *Floyd*, 1 Pick., 275.

The opinion of the court was delivered by

PROUT, J. The question arising upon this bill of exceptions, is, should the suit have been dismissed for the reason that the *prochein ami* was recognized for costs? The objection is taken by the defendant both by plea and motion, and is based upon that provision of the statute (Gen. Sts., ch. 33, § 5) which provides that, "unless there be sufficient security given to the defendant, by way of recognizance, by some person other than the plaintiff," the writ, on motion, shall abate. In the county court the question was determined upon the motion to dismiss, and that court decided it insufficient, and rendered a judgment for the plaintiff. As claimed on the argument, if the *prochein ami* is the plaintiff in the suit, then the motion should have been sustained, and the suit dismissed.

To enable infants, or persons under age, to maintain an action, they must bring their suit not only in their own name, but by guardian or their next friend. The admission of the *prochein*

*ami* into the suit for the purpose of prosecuting it on behalf of the infant, the real party in interest, is, in modern practice, not only implied from the recitals or statement of the declaration, but, in the absence of any question being made, is supposed to be allowed and assented to by the court before whom the action is pending. The necessity of thus bringing the action by infants, arises from their legal incapacity, incident to minority, either to appoint an attorney to act in their behalf, or properly to attend to or take care of their interests as involved in the suit. The purpose and object, therefore, of allowing an infant to commence and prosecute his suit in his favor by *prochein ami*, is apparent. It is to manage the suit for the infant, to protect his interests; and the duty of the *prochein ami*, as related to the suit, is the same as that of an agent or attorney as between competent parties, appointed or employed to manage a cause in court. It is true he is joined in the suit, his name appearing upon the record, but it is in this capacity, and is for conformity to the nature of the proceeding, and as showing his relation to the cause, and which of itself indicates to the defendant, as well as to the court, that he is not the real party in interest, but that the infant is, who thus sues by *prochein ami*. Upon this record, then, who is the *plaintiff* in the action? Authorities are not wanting that have a bearing upon the question, and afford some light upon the subject. In *Morgan* v. *Thorne*, 7 M. & W., 398, where the subject was under consideration, ALDERSON, B., says: " Where a party can not sue for himself, the court employs a *prochein ami*, as its officer to conduct the suit for him." The case of *Sinclair* v. *Sinclair*, 13 M. & W., 638, was an action brought by an infant, who sued by his next friend and father. On the trial the *prochein ami* and his wife were offered as witnesses for the plaintiff, who were objected to by the defendant, as inadmissible. They were admitted, and the question the court were called upon to determine, was whether the *prochein ami* was a party to the suit or not. If he was, the wife of the *prochein ami* was not admissible as a witness. POLLOCK, C. B., says: " I am of opinion that he is not a party, * * * but is merely to be considered as an officer of the court, specially appointed by them to look after the interests of the infant." PARKE,

B., expresses himself as "of the same opinion." *Brown* v. *Hull*, 16 Vt., 673, was a petition to be allowed a trial as upon an appeal from a judgment recovered by an infant plaintiff in a suit prosecuted by his next friend. The petition was against, and served on, the infant, no notice being taken of, or service made on, the *prochein ami*. The question was reserved, on a motion to dismiss because of this variance in the description of the parties. HEBARD, J., who gave the opinion of the court, says: "The next friend is not regarded a party for any purpose. * * * * Whether, in any event, he may be liable for costs, does not determine the question." And in *Bonett, by his guardian*, v. *Stowell*, 37 Vt., 258, a case presenting the same question arising in *Sinclair* v. *Sinclair* (*supra*), KELLOGG, J., says: "In this case, the guardian was not a party to the cause of action which was in litigation, but was merely the manager and conductor of the suit for the infant, who was the real party. * * * He was not a party to the suit in such a sense as would exclude his wife from testifying as a witness on the trial." These cases, if not conclusive, throw some light upon the question, as to the real relation of a person admitted into the suit merely for purposes of prosecution. As a witness, as these cases hold, the *prochein ami* is unaffected by the relation, and, in the case of the recovery of a judgment in a proceeding where this relation existed, in a petition brought for the purpose of opening it as upon appeal, he is not a necessary party. If the *prochein ami* is not a party plaintiff for these purposes, and affected by all the consequences resulting therefrom, as witness and party, it is difficult to see how he can be so regarded for the purposes contemplated by the statute relied upon. No sound reason occurs to us, and none is suggested, why there should be any distinction in this respect; and in view of the object of the statute, which is merely security for payment of costs, we are disposed to construe it as referring to and meaning the complaining or real plaintiff in the action. Upon this construction, the defendant has *other* security for costs than the plaintiff, and the fact that the person thus recognized appears on the record for another purpose or object, can make no difference.

We are unable to discover that any inconvenience or injustice can result from this construction, or that it does violence to the meaning of the provision referred to. The defendant has the lia-- bility of the infant and a remedy against him to rely upon, as well as against the person recognized for costs; and if, at any time in the progress of the litigation, the defendant is in danger of loss in consequence of the insufficiency of the security for costs, he can, as in other cases, apply to the court, who have ample power to make such order in that respect as the case may require.

The judgment of the county court, we notice, was in chief for the plaintiff, but, in view of the agreement, the judgment of the county court is *pro forma* reversed, and cause remanded, with liberty to the defendant to replead upon the usual terms.