HUTCHINSON v. MCLAUGHLIN.

1. INTERVENTION — WRIT OF ERROR TO FINAL JUDGMENT.— In condemnation proceedings one H. was allowed to file a petition of intervention alleging that before the proceedings she was owner of one of the lots in question, and conveyed the same to defendant's grantor; that at the time of the conveyance she was a minor; and that she had elected to disaffirm the conveyance; and praying that the damages assessed for such lot be paid to her, less the consideration received by her. The court adjudged that the entire compensation be paid to defendant. *Held,* that such judgment was, as to H., a final judgment to which a writ of error would lie.

2. MINORS — RIGHTS OF SHOULD BE PROTECTED.— It is the policy of the law to fully protect the rights of minors; and this may be done even if the guardian *or prochein ami* does not properly claim such rights, or has even failed to claim them at all.

3. CONDEMNATION PROCEEDINGS — DAMAGES.— In condemnation proceedings the whole amount of damages resulting from the taking should so far as possible be ascertained and settled.

4. POWER OF MINOR OVER LANDS AFTER DEED.— A minor may during his minority enter upon premises to which he has given a deed to another, and receive the rents and profits thereof until he arrives at an age when he has the capacity to affirm or disaffirm the deed at his election; or he may by his guardian or next friend procure the appointment of a receiver for the purpose of collecting the rents and profits of the premises.

5. EMINENT DOMAIN — REAL ESTATE OF MINOR.— The rights of a minor in real estate may be condemned. And when a petition in intervention is filed in a condemnation proceeding, setting forth such rights, it is error to disregard the same.

*Error to District Court of Pueblo County.*

THE Denver & Santa Fe Railroad Company instituted, in the Pueblo county district court, condemnation proceedings for the purpose of acquiring title to certain real property situate in the city of Pueblo, desired by the company for depot purposes.

Included in the property sought to be condemned were two lots, to wit, lots 15 and 16, block 19, State addition to Pueblo, the title in fee to which was shown by the land records to be in C. M. McLaughlin, defendant in error.

Pending such condemnation suit, and prior to the report

of the commissioners ascertaining and assessing the damages for the lots in question, plaintiff in error, by Aaron Hutchinson, her next friend, sought and obtained leave to file her petition in intervention, and thereby became a party defendant to said condemnation · suit, over the objection made thereto by defendant in error.

In said petition, it is alleged, in substance, that intervenor, prior to the commencement of said condemnation suit, was the owner of one of said lots, to wit, lot 15; and, in pursuance of a sale for $350, conveyed, by a general warranty deed, the said lot to one Leo Breen, who shortly thereafter conveyed the said premises by quitclaim deed to defendant in error; that intervenor was, at the time of said conveyance, and is now, a minor, having been born, as alleged in her petition, September 22, 1870.  The petition also alleges other facts, which are not, however, material to the case at bar.

The petition further recited that she had elected to disaffirm and avoid the conveyance made to said Breen, and prays that she be permitted to intervene in said condemnation suit, and that the damages assessed be paid to her, less the consideration money received upon the said sale to Breen.

By the report of the commissioners, the value of said lot 15 was assessed at $1,975, which report was confirmed by the court, January 6, 1888.  On the 7th day of January, 1888, defendant in error, by her attorney, appeared in court and moved for an order directing the clerk to pay over the compensation assessed for both lots to defendant in error. The motion was resisted by intervenor, who, through her attorney, moved that the $1,975, less $350, consideration received upon sale of said lot 15, be paid over to her, or to her legally appointed guardian.  The court ordered the entire compensation assessed for both lots to be paid to defendant in error.

The only error assigned is as follows: " The court erred in not ordering compensation assessed on lot 15 to be paid to her or her legally appointed guardian, or in not ordering

the clerk to hold said compensation pending plaintiff in error's minority, or in not making some other similar appropriate order to protect intervenor's interest in said lot."

Messrs. FRED. BETTS and A. W. ARRINGTON, for plaintiff in error.

Messrs. JOHN M. WALDRON and JOHN W. SLEEPER, for defendant in error.

MR. JUSTICE HAYT delivered the opinion of the court.

Two questions of practice have been raised by counsel which will be considered *in limine.* The first of such preliminary questions is predicated upon the claim that the judgment here sought to be reviewed was pronounced subsequent to the entry of final judgment in the case. In support of this claim, the case of *Railroad Co. v. Jackson,* 6 Colo. 340, is cited. In that case it was claimed by counsel that the *petitioner* must first pay or deposit the amount of the award before it could be allowed an appeal. The court, however, decided against such claim, and held that such a construction would practically deprive the petitioner of any benefit from his appeal or writ of error, or prevent such relief altogether. The rights of third parties were not involved, and the court held that in such cases, when the commissioners had filed with the clerk their certificate of "ascertainment and assessment," and a motion to vacate the same had been overruled, this was such a final determination as would entitle the petitioner to his appeal or writ of error.

In the case at bar no fault was found with the award. All parties were willing to have the same confirmed. And plaintiff in error is not now complaining because of such confirmation. She accepted the amount as fixed by the commissioners as representing the true value of the property, claiming only the right to share in the distribution

thereof. By the judgment of January 7th, this claim was determined against her. Then, for the first time, she had cause to complain. To say that she cannot prosecute a writ of error to such judgment would be to entirely deprive her of the benefit of the review provided by statute, a conclusion we cannot indorse. In our opinion the judgment of January 7th, by which the entire fund was awarded to defendant in error, was, as to plaintiff in error, a final judgment, to which a writ of error will lie.

The court below, against objection, and after argument, permitted the petition of intervention to be filed. No further order in terms applying to this petition appears to have been made. We infer, however, from the record that the court, upon reflection, concluded that the petition was insufficient, and consequently ignored the same. Defendant in error claims that it was incumbent upon plaintiff in error to support her interplea by evidence, and as no such evidence was offered, he says the petition was properly disregarded. The practice under the eminent domain statute is not well defined. Provision, however, is made therein for the filing of a cross-petition in the nature of an interplea. It is further provided that, when such interplea has been filed, the rights of the party interpleading should be fully considered and determined; and the court is empowered, by section 5 of the act, to make such rule or order in relation to the interplea as may be reasonable and proper. Under the latter provision, the court below, either at the time of or after allowing the petition to be filed, might have entered a rule requiring the original parties to the action to plead thereto. This, however, was not done. The court should have taken some action for her protection, if the petition shows that she was entitled to any relief whatever. It is the policy of the law to fully protect the rights of minors, and this may be done even if the guardian or *prochein ami* does not properly claim such rights, or has even failed to claim them at all. So it has been held that, when an infant plaintiff neglects to reply where a pleading in reply is

necessary, this will not be taken as an admission of the facts alleged in the answer, as in the case of an adult, but all the facts must be established by competent evidence. Tyler, Inf. § 139; *Legard v. Sheffield*, 2 Atk. 377; *Claxton v. Claxton*, 56 Mich. 557; *Gilmore v. Gilmore*, 109 Ill. 277.

It is claimed, however, that a minor who has executed and delivered a deed to real estate owned by her cannot thereafter, and during the continuance of her minority, intervene in a condemnation suit brought to condemn the same tract, and to so far control such proceedings as either to compel the payment of the award to her, instead of her grantee, or to tie up the fund in the hands of the court until she attains her majority.

Counsel says that, whatever doubts may have been at one time entertained in reference to the deed of a minor, it is now well settled that title may be conveyed by such deed. It is not absolutely void, but voidable only, and, until revoked in a manner and form prescribed by law, the title to the purchaser is as complete as though the grantor was an adult. It is further said that the conveyance cannot be avoided in any event until the infant arrives at full age; and therefore it is claimed that plaintiff in error cannot intervene during her minority.

Should the correctness of the propositions of law announced be conceded, the deductions drawn by counsel do not, we think, necessarily follow. It is the policy of the law to settle once for all, so far as possible, in the condemnation proceedings the amount of damages resulting from the taking. The statute expressly provides that the commissioners shall fix the compensation to be paid, not only to the owners, but to all parties interested in the lands taken, as well as all damages accruing to such owners or parties interested in consequence of the condemnation of the same. See Eminent Domain Act, § 6.

In *Crane v. City of Elizabeth*, 36 N. J. Eq. 339, the court had under consideration a statute, if anything, less comprehensive than the statute of this state, in that it required

compensation to be made only to the "owner or owners of lands and real estate taken for the improvement;" and yet in that case it was decided "that the compensation is to include the value of all the interests burdened by the public easement, and is to be paid to the owner of the land if no other claimant intervenes, and, if in any such case such owner ought not, in equity, to receive the whole, timely resort must be had to the court of chancery, which will see to the equitable distribution of the fund." It was said, in the course of the opinion, that the proceedings were in the nature of a proceeding *in rem*,— a taking, not of the rights of designated persons, but of the thing itself; and, if in any case the designated owner of the land is not entitled to receive the fund, equity will, at the instance of any interested complainant, direct its proper distribution. Under our statute, we think the relief may be granted in the original action upon a proper showing. In no other way can the provision requiring the rights of the interpleader to be fully considered and determined be carried out.

In the case at bar, petitioner did intervene in the court below, and in her petition shows that she has an interest which ought to be protected. The statute allows the interests of minors to be taken by virtue of the proceedings. The fact that the record title was in defendant in error may have relieved the railroad company from making plaintiff in error a party defendant in the first instance, but, she having voluntarily appeared, the action of the court below entirely ignoring her claim cannot be sustained. In the case of *Chandler v. Aqueduct Corp.*, 125 Mass. 544, relied upon by defendant in error, one Ward granted the Aqueduct Corporation the privilege of laying logs and wooden pipes on his land, in consideration whereof, and for five dollars in money paid by Ward, the company, in turn, deeded to him certain other lands, "to have and to hold the same to the said Ward, his heirs and assigns, so long as said corporation shall keep pipes in his land as aforesaid, and no

longer." Afterwards the title acquired by Ward passed to Chandler. Thereafter the corporation instituted proceedings for the purpose of having the same land condemned for its uses, and, upon the trial, claimed that by the Ward deed, which, as we have seen, was a part of Chandler's claim of title, only a base fee was conveyed, and that the company had a right to rely upon this fact in reduction of damages. The court, however, decided against such claim, upon the ground that the possibility of such interest was too remote and contingent to be the subject of an estimate of damages by a jury, and could not be allowed. It was further held that the owners of the fee had the right to recover the entire value of the land, even if a part of it was held by them under the Ward deed, and they had only a base or determinable fee in it.

So in this case, as we understand counsel, the claim is that, notwithstanding the voidability of the deed made by intervenor, the grantee is entitled to full compensation for the land condemned. This would have the effect of entirely cutting off the right of plaintiff in error to revoke the deed made during her minority, a result we cannot entertain.

Although it may be that a minor cannot avoid his deed during the continuance of his minority, he may, nevertheless, enter upon the deeded premises, and receive the rents and profits thereof until he arrives at an age when he has the capacity to affirm or disaffirm the deed at his election, or the infant may, by his guardian or next friend, procure the appointment of a receiver for the purpose of collecting the rents and profits of the premises. *Mathewson v. Johnson*, Hoff. Ch. 560; *Bool v. Mix*, 17 Wend. 132; 1 Washb. Real Prop. *306; *Edgerton v. Wolf*, 6 Gray, 453; *Chandler v. Simmons*, 97 Mass. 508.

The right of entry was a present existing right in petitioner at the time the petition in intervention was filed. In this respect the case is dissimilar from the case of *Chandler v. Aqueduct Corp.*, *supra*. The filing of the petition

should have been taken as an election on the part of plaintiff in error to assert such right. And, under the statute, it should have been "fully considered and determined," and it was error to enter final judgment awarding the fund to the defendant, while the plea of intervenor was undisposed of. As we have seen, courts should be vigilant in protecting the rights of minors; and, if the court below had been of the opinion that it was necessary for plaintiff in error to resort to an equitable action to enforce her rights, it should have preserved the fund until her rights could have been adjudicated in such action. But we cannot think such an action necessary. Ample power seems to have been given the court in the condemnation proceedings, and the fact that she was still a minor at the time of the trial did not justify the court in passing over her petition in silence, and awarding the entire fund to defendant in error.

The judgment directing the fund to be paid to defendant in error is accordingly reversed, with directions to the court below to proceed in accordance with the views expressed in the opinion. Under our statute plaintiff in error reached her majority a few months after the trial in the district court. *Jackson v. Allen*, 4 Colo. 263. The disabilities under which she was laboring at the time of the trial no longer existing, we apprehend the court below will find no difficulty in fully determining the rights of the parties.

*Reversed.*