Bissell, P. J.,
delivered the opinion of the court.
In 1889, Harvey Rariclc died seized of certain property in the city of Denver, leaving as his heir at law Lilah Rarick, a minor, who lived at the time of the several matters herein stated in the state of Ohio. Rarick obtained title the October previous to his death by purchase from Asher Norris, to whom he paid the consideration, $1,600, by a check on his account in the German National Bank. Sometime after Rarick’s death, Vandevier, who was the plaintiff in this suit, and is the appellee in this court, was on his own application appointed administrator of Rarick’s estate. He qualified and took upon himself the duties of the position. In August, 1890, he started the present suit against the minor heir and Isaac Rarick, her guardian. It is only necessary to state so much of the bill, and the object of the action, as will serve to show the main features of Vandevier’s claim, and the situation in which he offered himself as a witness in support of it. It was Vandevier’s contention that these lots in dispute were in reality his property. He claimed that he paid to Rarick at the time of the purchase from Norris $1,200 of the $1,600 of the purchase money. As he says, this money was applied to the payment of the price, and the balance was advanced by Rarick on an agreement between them that the title should be taken in Rarick’s name, and held until such time *421 as Yandevier should pay the balance, when Rarick was toreconvey the title thus held as security for the payment of this balance. He offered some proof by himself, as well as another witness, that he had paid a part of that sum — to wit: $150 — leaving only $250 due, which he attempted to satisf}1by the production of a claim against Rarick’s estate for board and services rendered during Rarick’s last illness. At the proper time in the course of the suit, a guardian ad litem was appointed for the minor, and the suit progressed in the usual wa3>\ The estate appears to have been insolvent. Mrs. Fetta, the appellant, obtained judgment against the estate for upwards of $3,000, and she evidently was proceeding in the county court under the statute to enforce her claim. Being unable to find sufficient assets, and learning of this suit, and something of the nature of- Yandevier’s claim, which she contended was illegal and fraudulent, she intervened. No question arises on the record concerning the legality of her proceedings, or respecting her right to present her claim in this litigation, and to contest with Yendevier his title to this property. It will, therefore, be assumed for the purposes of this opinion, that she was a judgment creditor with a valid claim against Rarick’s estate, and rightfully a party to the present action, and entitled to prosecute her claim respecting the title to such judgment as the testimony might warrant. It will be observed that there was no representative of the estate named as a defendant, other than the heir to whom the title descended, subject of course to its being divested under a proper showing by legal proceedings in favor of a creditor or other person having a superior right. Not much importance is attached to this fact, although considerable stress was laid in the argument on the circumstance that Yandevier as an individual was seeking to reduce the apparent assets of the estate in his own favor, without having in court any representative of the decedent to protect the rights of those who might be entitled to a distributive share of the property. The only person complaining, however, is a judgment creditor, who was therefore possessed of an apparently *422 superior claim as against the heir, and was in court defending her own rights. It is not to be assumed from this statement that the proceedings are to be taken as a precedent which may be safely followed. It must be true, that, where one who occupies a representative capacity asserts a claim which in anywise tends to diminish his intestate’s assets, it will be much more in harmony with the good faith and absolute integrity which ought to characterize his acts, that he should procure the appointment of some representative of his trust to remove any possible imputation on the fairness of his proceedings. To maintain the issue resulting from the denials of the allegations of the bill by the guardian on behalf of the minor, Yandevier produced two witnesses — one, the real estate agent who drew the deed at the time of the conveyance, and the other the vendor of the property. These witnesses testified generally to statements and declarations made by Rarick and by Yandevier at the time that the transfer was made and the money paid, which in a way tended to support Yandevier’s claim that he was the real purchaser, and advanced $1,200 of the consideration money which was paid for the property. The only other evidence which was tendered on this subject was his own. He was called on his own behalf, and testified fully as to the agreement which he asserts was made between him and Rarick, prior to the time that the property was bought, and professes to give all the details of that agreement, and of the transaction which resulted in the transfer of the title from Norris to Rarick, and out of which, according to his contention, a trust resulted in his favor.
We should have little hesitation in departing from our ordinary rule, which compels us to affirm a judgment of the court below when it is rendered upon the testimony of witnesses produced at the trial, if we were compelled to take that course in order to find a ground on which to overturn this judgment. The power of a court of equity to turn an absolute deed into a mortgage, and to give it that effect in favor of one having clear equitable rights in the premises, *423 has been settled by a long course of adjudication. It is the declared law of this state, and the courts have always recognized it in supporting the rights of contending parties. The rule is inflexible that, in order to take the case out of the statute of frauds, it is essential that the contract should be established by clear, definite, conclusive and satisfactory proofs. Whitsett v. Kershow et al., 4 Colo. 419.
When the testimony is all considered, not only that of the declarations of those parties who were present at the time of the transaction, but also that of Vandevier himself, it fails to reach the level to which all the courts agree, the proof must rise to justify a decree of this description. It is not necessary to rest the case upon this basis, and it is only stated as a suggestion to the court below with reference to what may possibly be the proof upon the subsequent hearing.
As already stated, Vandevier offered himself as a witness to prove the agreement on which he relied. It is marvelous, but true, that the guardian ad litem who was there to represent the infant’s interest failed to object to Vandevier’s testimony. With respect to his client, it was a suit against an heir concerning property to which she had an absolute title as against Vandevier, unless proof was 'made of an enforceable trust which would divest her title. Up to the time that Vandevier was put upon the stand, there was no shadow of the requisite evidence or of the extent of proof which courts hold must be made to justify the decree sought. The statute in this state with respect to Vandevier’s competencj' is clear, specific and incapable of misconstruction (General Statutes § 3641). According to it, no party to an action shall be allowed to testify of his own motion, or in his own behalf, when any person appears or defends as the heir, etc., of a deceased person, except in certain specified cases. There is nothing in the present ease to bring Vandevier within any exception named in the statute, and we are left with the naked case of a person who was the representative of the decedent, as an individual, suing the heir at law to recover ■the title which was vested in her by operation of law on the *424 theory of a resulting trust in his own favor, and giving the only testimony which can be fairly said to uphold the agreement in such terms as to show that a trust might, under some circumstances, have arisen in his favor. Minors are the peculiar wards of a court of chancery. In all suits where a minor is concerned, nothing can be admitted against his interests, and the one chosen to represent that interest in a litigation stands in court to insist that no steps shall be taken, no act done, no evidence produced which shall in any manner be legitimately the subject of an objection and an exception. Wherever the guardian hesitates, or fails in the performance of his duty, the court has usually been astute to defend the minor’s rights. According to the record, Vandevier ivas permitted to testify without objection on behalf of the minor. But even in that case, it is doubtful whether the present judgment would be sustained, even though upon Yandevier’s testimony, an ample, well defined, clear case of resulting trust was established as against the minor, and the decree might in consequence be supported. It is exceedingly doubtful whether it would not be the dutj^ of this court in a case like the present sua sponte to insist that, in considering the case, Vandevier’s testimony should be entirely excluded from its consideration. It is impossible that there should he a waiver on behalf of the infant, and it is doubtful whether the decree would give a good title as against the minor when she became of age, should she see fit to disaffirm the proceeding. Appellate courts are not relieved from the general duty laid on all tribunals to conserve the interests of minors in matters submitted to their consideration.
We need not go this far. When Vandevier was put on the stand, and asked to testify concerning the agreement, the intervenor promptly and in apt form interposed a sufficient objection to his testifying. The objection was overruled, and the question thereby presented has been properly saved in the record. The court below held that the intervenor was without right to raise this question. We cannot agree. As has been heretofore stated, according to the record, the *425 intervenor was properly in the suit and rightfully litigating with Vandevier his claims concerning the title to the property. The heir was a necessary and indispensable party, present and represented before the court, and there was no distinct and independent issue as between Vandevier and Mrs. Fetta which they could litigate without the heir’s presence. Since the intervenor was properly in the court and rightfully asserting a claim to the property, and Vandevier was without right to prosecute his suit without the heir, it necessarily follows that the suit is one fully and fairly within the scope of that provision of the statute already cited.. By its terms, Vandevier was not competent to testify, and the decree must be supported, if at all, without any reference to or consideration of his testimony, as it was error for the court to admit it. The judgment could not be supported without it. It was not legitimately given, and the error is fatal to the judgment.
For the error committed by the court in admitting Vandevier to testify on his own behalf, this judgment must be reversed and remanded for further proceedings in conformity with this opinion.

Reversed.