Wilson, J.,
delivered the opinion of the court.
Defendant, Mrs. Tohill, was the owner of a leasehold estate in unimproved lands under a lease from the state of Colorado. About April 13, 1895, she agreed with plaintiff to sell and assign to him her interest in the lease. The consideration, was $96.00, for which plaintiff executed to her his promissory note, payable December 1, following, and bearing interest from date at eighteen per cent per annum. Plaintiff thereupon received and entered into possession of the lands, and during the following season caused some portion of it to be-plowed, fencing to he built, and irrigating ditches to be constructed, so as to raise a crop thereon during the season of 1896. On December 11, plaintiff applied to the brother and agent of the defendant, who had negotiated the trade, to know when the note was due. He replied that he did not remember, but would see. On examination, he found that it was-several days overdue. Plaintiff thereupon tendered to him the full amount due upon the note and interest, and demanded the assignment of the lease. The tender was refused and plaintiff informed that he had forfeited his rights under the contract by a failure to pay the note at its maturity. Plaintiff then commenced this suit to compel defendant to specifically perform her contract. In her answer, defendant admitted the making of the contract, but set up that a memorandum of the agreement was made in writing, and was as follows :
“ Memorandum of agreement made and entered into by and between Lizzie Tohill, party of the first part, and Dalton E~ Seaton, party of the second part, witnesseth:
“That the said party of the second part has given to the party of the first part a note for $96, dated the 1st day of April,. 1895, and due December 1st, 1895, with interest at the rate *213 of 18 per cent, per annum. Now if the party of the second part shall promptly pay when due the above mentioned note, then the party of the first part agrees to make unto the party of the second part an assignment of a certain lease which she holds from the State of Colorado upon the northwest quarter of section 9, township 40 north, range 8 east, in Rio Grande, ■county, Colorado. If the said note is not paid, then the party of the first part to retain her lease as before and all improvements made upon the place by whomever said improvements may have been made. Dated this 13th day of April, A.D. 1895.
“ Lizzie Tohill,
By W. O. Statton, her agent.
“ Dalton E. Seaton.”
She alleged that, time was of the essence of this agreement, .and that plaintiff’s failure to pay at the maturity of the note had worked a forfeiture of his right to have the contract performed. Plaintiff in his reply, among other things, admitted the execution of the memorandum, but averred that he was incapable of executing any such agreement so as to make it binding upon him, because he was then and ever since had been, an infant. Thereafter, before .trial, the father of plaintiff, Samuel E. Seaton, was duly appointed guardian ad litem, to prosecute the suit. Judgment was rendered in favor of the defendant, and from this plaintiff appeals.
The chief contentions of appellee in support of the judgment are that time was of the essence of the contract, and that plaintiff’s failure to pay at the maturity of the note had worked a forfeiture; also, that the plea of infancy in the replication of plaintiff, avoided the contract, and there could therefore be no decree for its performance.
Eorfeitures are not favored by the law, and will not be readily implied. It is also a rule that “ in all ordinary cases of contract, equity does not regard time as of the essence of the contract, and although a certain period of time is stipulated for its completion, equity treats the provision as formal rather than essential, and permits a party who has suffered *214 the period to elapse to perform such acts after the prescribed time, and to compel a performance by the other party.” 3 Pomeroy’s Equity, § 1408. The exceptions to this rule arer where the intention of the parties to make time of its essence is clearly expressed in the contract, or where the delay has worked injury to the other party. Even where such intention however is clearly expressed, courts of equity are frequently called on to relieve, and do relieve, where peculiar and excusable circumstances have intervened to prevent a strict performance. Morgan v. Herrick, 21 Ill. 495. We do not think that the circumstances of this case bring it within any of the exceptions. We do not think that the language of the written' memorandum shows any intention by the parties to make time the essence of the contract. The last sentence of the agreement alone refers to an/forfeiture, and that arises only “ If the said note is not paid, then the party of the first part,” etc. It does not even say that if the note is not paid at maturity, then the forfeiture shall occur; nor does it use any other language to indicate that the rights of the plaintiff would depend upon his payment of the note upon the precise day when it was due. That defendant suffered any injury or damage by reason of the delay of seven days after maturity, does not admit of serious contention. Her agent, who negotiated the trade and held the note for her, did not even know that it was due. The delay was in fact so insignificant as to justify the application of the maxim, de minimis non curat lex.
Infants are considered in law as not being capable of adequately protecting their own interests in the making of contracts, by reason of the inexperience, want of discretion, and immaturity of judgment incident to youth. The law therefore seeks to protect them from their own imprudence and from the imposition of others, by according to them the privilege of avoiding any contract to which they may be a party, not manifestly to their advantage and interest. This right and prerogative is personal, however, and attaches to the infant alone. Under no circumstances can it he available to *215 or be taken advantage of by the other party to the contract. The adult who deals with an infant does so at his own risk, and with full knowledge of the fact that the latter is one for whom the law has a jealous watchfulness, about whose¡ acts it throws its protecting shield. These principles are elementary in the law of contracts and are so universally recognized that they need no argument nor citation of authorities in their support. Tyler, Infancy and Coverture, § 20; Bishop on Contracts, §§905-946; Davies v. Turton, 13 Wis. 185. Tested by these rules, we think it clear that the trial court erred in its conclusions as to the force and effect to be given to the so-called plea of infancy in the replication of plaintiff, and hence erred in its judgment. Its finding and judgment of dismissal was expressly based upon the ground that as plaintiff by reason of his minority could not be compelled to perform the contract on his part, “he cannot compel the other party to so perform.” This as we have seen was an erroneous conclusion of law. It was permitting the adult party to directly reap the advantage and benefit from the infancy of the other contracting party. This was a suit instituted by the infant, and its sole aim and object was to compel the adult defendant to specifically perform her agreements in a contract which it was manifestly to the benefit and interest of plaintiff to have performed. Moreover it was apparent from the allegations in the complaint that a failure to enforce-the contract would result in serious pecuniary loss to the-infant. The defendant alone was seeking to evade the contract and was allowed to do so by reason of the nonage of the plaintiff. According to every rule of law applicable to infancy, this was a case which called for the interposition of the court in its favor.
The judgment was erroneous for another reason. The contract was completed on the part of the infant plaintiff. Nothing whatever remained to be done by him under the terms of the agreement. Upon the refusal of defendant to accept the money which he was obligated to pay and which he had tendered, he had paid it into the court for her benefit. *216 It is true that by the stipulation of parties this deposit was also to be considered as security for costs, but this did not destroy its effect as a tender and a payment into court for the benefit of the other party. If the plaintiff prevailed in the suit, he would have had no costs to pay, and the full amount of money due by him to defendant would have been on hand.
The record before us does not present a case wherein a' party after he arrives at the years of majority seeks to repudiate and avoid a contract on the plea of his infancy at the time it was entered into. Here the minority still continued. If it had ceased, the court would have considered the party capable of protecting his own interests and would not have been called upon to exercise its judgment as to whether or not the contract sought to be avoided would be beneficial or prejudicial to him. The rule is otherwise, however, where the plea of infancy is sought to be interposed in behalf of the infant during his minority. In such case he is a ward of the court, whose duty it is to exercise a watchful and protecting care over his interests, and not permit his rights to be waived, prejudiced or surrendered either by his own acts, or by the admissions or pleadings of those who act for him. Under the Colorado code, where an infant is a party to a suit, he must appear by next friend or guardian to be appointed by the court or judge. Code, secs. 7, 8. He is in reality, however, but the agent of the court through whom it acts to protect the interests of the minor. The court is itself the guardian. Cole v. Superior Court, 63 Cal. 89. Here the infant was appearing and prosecuting by a guardian ad litem. Whatever may have been the intent or effect of the plea of infancy set up in the replication, it was the plea of the guardian in behalf of his ward. The court held that its effect was to avoid the contract, the enforcement of which was the sole object of the suit. It should not therefore have been permitted or entertained, if it appeared that thereby the rights of the infant would have been surrendered or his interests prejudiced. It is a rule well settled that an infant cannot be bound by the admissions of his guardian unless *217 they are for his benefit, nor by his errors or omissions in his answers or pleadings. The court will suffer no advantage to be taken of those acting in the infant’s behalf to the detriment of the infant. Tyler, Infancy and Coverture, §§ 139-141; Ralston v. Lahee, 8 Ia. 17; Rhoads’s Exr. v. Rhoads et al., 43 Ill. 241; Turner et al. v. Jenkins, 79 Ill. 229; Oliver et al. v. Houdlet, 13 Mass. 239; Claxton v. Claxton, 56 Mich. 558; Sheahan v. Judge of Wayne Circuit, 42 Mich. 69; Lloyd v. Kirkwood et al., 112 Ill. 338.
This rule both as to the power and duty of the court is thus plainly and forcibly stated by the supreme court of Illinois in Lloyd v. Kirkwood, supra: “ Whenever the property rights of an infant are drawn into litigation, and the infant himself, whether as plaintiff or defendant, has been brought into court, he at once becomes the ward of the court, and as such it is the duty of the court to see that his rights, as such, are properly protected. If, having a legally appointed guardian, such guardian does not appear to the action for the purpose of managing his suit, it is the duty of the court to appoint a guardian ad litem, to perform that duty. If the guardian who undertakes the performance of this trust, whether he be the general guardian or merely a guardian ad litem, fails to properly protect the interests of the ward, it is the duty of the court, sua sponte, to compel him to do so whenever the fact in any manner is brought to the notice of the court.” Our own supreme court has expressed very positive views in this line. In Hutchinson v. McLaughlin, 15 Colo. 495, it said: “ It is the policy of the law to fully protect the rights of minors, and this may be done, even if the guardian or proehein ami does not properly claim such rights or has even failed to claim them at all.”
This court has also asserted the same doctrine, Fetta v. Vandevier, 3 Colo. App. 419, which was affirmed on appeal to the supreme court. Fetta v. Vandevier, 20 Colo. 369.
As to how in this case the plea affected the interests of the infant plaintiff, if it be given the effect held by the trial court, there is no room for dispute. His valuable rights and *218 interests growing out of the contract would not only have been materially prejudiced, but would have been absolutely taken away from him. He would have been thereby compelled to suffer an absolute loss of all compensation for many weeks of labor upon the land, and of reimbursement for money expended in improving it and preparing it for cultivation. The plea as accepted and construed was not only subversive of all of his interests, but was not necessary to the preservation and protection of any of his rights. As we have seen, he had not suffered a forfeiture, and his right to recover would not have been prejudiced by an acknowledgment that he was bound by the written memorandum of agreement set up by defendant. The case presented is one which imperatively called for the exercise by the court of its power to protect the interests of an infant party. Its allowance and construction by the court favored only the adult defendant. It wholly defeated the infant plaintiff. The court should have disregarded the plea, and rendered judgment in favor of the plaintiff.
For these reasons, the judgment will be reversed, and the cause remanded for a new trial in conformity with the views herein expressed.

Reversed.