## No. 12,183.

RAUSCH *v.* COZIAN ET AL.

Decided October 28, 1929.

Mr. RICHARD PEETE, Mr. EDWIN H. PARK, for plaintiff in error.

Mr. J. W. KELLEY, Mr. J. D. KELLEY, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

GRACE Rausch, a minor, by her next friend sued James

Cozian and Mary Cozian to recover damages received by being struck by defendants' automobile in December, 1924. She alleges that these injuries resulted in incurable valvular heart trouble and chronic appendicitis. On January 10, 1928, the case came on for trial before a jury. The plaintiff failed to appear and her counsel represented that she was too ill to attend court at that time. Testimony of various witnesses was taken as to her condition, whereby it developed that the plaintiff had chronic appendicitis and that an operation had been advised and that it would be inadvisable for her to attend court. The court stated that it was unnecessary for the plaintiff to be in attendance during the entire trial and ordered the case to proceed, whereupon plaintiff's counsel asked for a continuance until the next morning, which was denied. Plaintiff's attorney refused to proceed with the trial of the case. Judgment was thereupon entered for the defendants, to which the plaintiff assigns error in refusing to grant a continuance.

A litigant has the right to be present to assist his counsel in the trial, and his necessary absence is a good reason for a continuance. *Elliott v. Field,* 21 Colo. 378, 41 Pac. 504; *Lane v. Gooding,* 63 Colo. 324, 166 Pac. 245.

The plaintiff is a minor and a ward of the court, and under such circumstances, the court is in duty bound to protect her rights, which cannot be waived either by her guardian ad litem or her attorney. *People ex rel. Porteus v. Barton,* 16 Colo. 75, 26 Pac. 149; *Seaton v. Tohill,* 11 Colo. App. 211, 53 Pac. 170; *Fetta v. Vandevier,* 3 Colo. App. 419, 34 Pac. 168, affirmed in 20 Colo. 368, 38 Pac. 466.

These cases support the general rule in all jurisdictions. Applying the doctrine laid down in the foregoing decisions, it is clearly apparent that the trial court's action in entering judgment for the defendants under the circumstances was too drastic.

A reasonable continuance should have been granted,

and the plaintiff ordered or permitted to appear in court either to attend the trial of her case or to make a further showing as to her inability so to do.

It is not necessary for us to determine, and we do not hold, that a court has not the power to dismiss a case brought by a minor.

The court erred in rendering judgment for the defendants. The judgment is accordingly reversed and the district court directed to vacate the judgment entered for the defendants and to proceed with the trial of the case in accordance with the views herein stated.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE ALTER concur.