Timothy BLACK, By and Through
Georgann BAYLESS, as next
friend, Plaintiff-Appellant,

v.

Steve CULLAR, Defendant-Appellee.

No. 82CA0523.

Colorado Court of Appeals,
Div. I.

April 28, 1983.

**1030**

---

Thomas D. McFarland, Littleton, for plaintiff-appellant.

Richard M. Huckeby, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Timothy Black, appeals a judgment dismissing his assault and battery case against defendant, Steve Cullar, for failure of the next friend, Georgann Bayless, to appear for or to submit to a deposition. We reverse.

In 1978, when this suit was commenced, plaintiff was 17 years old. *See* § 13–22–101, C.R.S.1973. Therefore, pursuant to C.R.C.P. 17(c), he sued in his name, "by and through Georgann Bayless, as next friend." Plaintiff was then living in the home of Mr. and Mrs. Bayless.

Defendant's attorney served notice on plaintiff's attorney for the taking of the depositions of both plaintiff and Mrs. Bayless. No subpoena was served on either. Plaintiff's deposition was taken as scheduled. Mrs. Bayless did not appear.

Defendant moved for sanctions under C.R.C.P. 37. Mrs. Bayless did not attend the hearing on the motion. Plaintiff's attorney told the court that Mr. and Mrs. Bayless were now living in Texas and that he had no control over Mrs. Bayless. The motion for sanctions was denied, but the court ruled that defendant was entitled to take her deposition "even if she is named just as next friend." It then ordered that Mrs. Bayless would have to submit to the taking of her deposition no later than 60 days before the May 29, 1980, scheduled trial date.

Accordingly, on October 6, 1979, defendant's attorney mailed to plaintiff's attorney a new notice for the taking of Mrs. Bayless' deposition in Denver on March 28, 1980. In February 1980, plaintiff filed a "motion to remove next friend" for the reasons that plaintiff was now 18 years old and fully capable of representing his own interests and that Mrs. Bayless was residing in Texas and had had no contact with plaintiff for over a year. He suggested that if the court determined a next friend or guardian was still needed, Mrs. Bayless should be removed and a successor could be appointed.

Mrs. Bayless did not appear for the scheduled March 1980 deposition. Defendant then moved to dismiss the complaint. After a hearing on both motions, the court ordered the case stricken from the trial docket until Mrs. Bayless submitted to the taking of her deposition at the place designated by defendant.

In August 1981, Mrs. Bayless not having cooperated in having her deposition taken, defendant again moved for dismissal of the complaint. In January 1982, the court ruled that if the deposition was not taken within six weeks the motion would be granted. The deposition was not taken, and the case was dismissed with prejudice. Plaintiff appeals the dismissal.

The only issue on this appeal is whether one who is named as next friend for an underaged plaintiff is herself a party. If so, she can be required to appear for a deposition merely on notice to plaintiff's attorney without service of a subpoena on her, *see* C.R.C.P. 5(b) and 30(b)(1), and sanctions under C.R.C.P. 37, to and including a dismissal of her case, can be imposed for noncompliance with the discovery rules. *Reserve Life Insurance Co. v. District Court,* 126 Colo. 217, 247 P.2d 903 (1952). If not, absent a subpoena properly served on her, as a non-resident non-party, she cannot be compelled to testify. And, even if properly served with a subpoena, she cannot be required to attend a deposition away from her home county unless she is personally

served elsewhere. C.R.C.P. 45(d); *Minnesota ex rel. Minnesota Attorney General v. District Court,* 155 Colo. 521, 395 P.2d 601 (1964); *Solliday v. District Court,* 135 Colo. 489, 313 P.2d 1000 (1957).

A next friend is not a party to the suit. *Wilmington Trust Co. v. Hahn,* 241 A.2d 517 (Del.1968); *In re Beghtel's Estate,* 236 Iowa 953, 20 N.W.2d 421 (1945); *Slafter v. Savage,* 89 Vt. 352, 95 A. 790 (1915); *Bliven v. Wheeler,* 23 R.I. 379, 50 A. 644 (1901). The real party in interest is the infant for whose benefit the suit has been brought. *Wilmington Trust, supra; Dougherty v. Oberg,* 297 F.Supp. 635 (D.C. Minn.1969).

Moreover, even if she were a party, her failure to submit would merit sanctions— but only as to her. Plaintiff complied fully with the rules, and there is no basis for imposing sanctions on him. Misconduct of the other alleged party does not justify dismissal of his claim.

It is the policy of the law and the duty of the court to protect the rights and interests of infant parties. *Rausch v. Cozian,* 86 Colo. 389, 282 P. 251 (1929); *Hutchinson v. McLaughlin,* 15 Colo. 492, 25 P. 317 (1890); *Seaton v. Tohill,* 11 Colo.App. 211, 53 P. 170 (1898). If the next friend, who is supposed to be acting on the infant's behalf, does not perform properly, the court could and should remove her, *Bliven v. Wheeler, supra,* and, if appropriate, could appoint a successor. But the court should not allow her conduct to deprive the plaintiff of his rights. *See Lee v. Leibold,* 102 Colo. 408, 79 P.2d 1049 (1938); *Rausch v. Cozian, supra; Seaton v. Tohill, supra.*

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

KELLY and KIRSHBAUM, JJ., concur.