Blackwood v. Campbell, No. S0665-05 CnC  (Norton, J., Aug. 18, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S0665-05


BLACKWOOD

v.

CAMPBELL


ENTRY

On Defendant's motion to dismiss, the court is presented with the narrow question of whether venue may be based on the residence of a court-appointed guardian.  Guardian argues that she is a party for the purposes of 12 V.S.A. § 402(a) because V.R.C.P. Rule 17 allows her to sue in her own name without joining the minor child.  Defendant disputes this position and cites to longstanding Vermont law—albeit predating the adoption of the Rules of Civil Procedure—as well as numerous out of state

sources that have held the opposite. <u>Duffy v. Pinard</u>, 41 Vt. 297, 300–01 (1868); e.g., <u>Black By and Through Bayless v. Cullar</u>, 665 P.2d 1029, 1031 (Colo. App. 1983).

Guardian's argument is that, while she is not the real party in interest, 12 V.S.A. § 402(a) does not distinguish between real party in interest and a party for procedural purposes. Guardian cites to 13 U.S.C. § 1332(c)(2) (federal court diversity jurisdiction) to show that a statute can be written explicitly to block the effect that she seeks. Notwithstanding Guardian's appealing "plain reading" of § 402, Rule 17 does not raise Guardian to the full party status that would otherwise allow her to seek jurisdiction in her home court. Rule 17 makes clear that a guardian is a representative for the real party in interest and that the guardians rights and interests are not involved in such litigation. Guardian is merely advocating and working on behalf of another, the child, who by virtue of her age is prevented from filing herself. As such, Guardian is not a "party" in the important sense that jurisdiction would flow from her presence in the litigation. Such rights remain vested in the child, and the overwhelming jurisprudence in this area dictates that it is the child and not the guardian who dictates venue and jurisdiction. 42 Am. Jur. 2d <u>Infants</u> § 172 (citing <u>Cozine v. Bonnick</u>, 245 S.W.2d 935 (Ky. 1952). Therefore, venue based on Guardian's residence is improper.

Based on the foregoing, Defendant's motion to dismiss is Granted. Case is Dismissed Without Prejudice.

Dated at Burlington, Vermont_____, 2005.

_____
Richard W. Norton, Judge