Treat, C. J. This was a suit in chancery brought in 1884, by Jabez Capps against John Moore, William S. Hamilton, Salome Enos, widow of Pascal P. Enos, deceased, and P. P. Enos, Z. A. Enos, M. M. Enos, S. P. Enos, and J. R. Enos, his heirs at law. The heirs were then all minors. The bill set up an equitable title in the complainant to a tract of land, of which Pascal P. Enos died seized; and it contained a prayer that the heirs might be required to convey the legal estate to the complainant. Process was served on all of the defendants except Z. A. Enós, S. P. Enos, and J. R. Enos. At the October term, 1835, Salome Enos ivas appointed guardian cccl litem for the infant defendants; and at the September term, 1836, the bill was taken for confessed against all of the defendants, and a decree entered requiring Salome Enos to convey to the complainant all of the interest of the heirs in the land. In 1847, a writ of error for the reversal of the decree was sued out in the name of all of the defendants. The complainant pleaded, that more than five years had elapsed between the entering of the decree, and the suing out of the writ of error; to which the defendants replied, that two of the heirs were still infants, and within the saving clause of the statute. This Court sustained a demurrer to the replication, and dismissed the writ of error. The decision was put on the ground, that, as any one or more of the defendants might under our statute have removed the case into the Supreme Court by appeal or writ of error, and as some of them had lost their right to do so by lapse of time, they should not be permitted to avail themselves of the non-age of their co-defendants, to accomplish indirectly what the law would not allow them to do directly. See 4 Gilman, 315. This writ of error is prosecuted by S. P, Enos and J. R Enos, who are still minors, and within the protection of the statute. The decree was unquestionably erroneous. No answer was ever filed by the guardian ad litem, nor was any proof introduced to sustain the averments of the bill. Neither a default, nor a decree pro •confesso can be taken against an infant defendant. There must be a guardian ad litem appointed for him, and the guardian must file an answer; and the complainant must then make full proof of his right to the relief claimed. Even where the answer of the guardian admits the bill to be true, the complainant must prove the truth of its allegations with the same strictness, as if the answer had interposed a direct and positive denial. McClay v. Norris, 4 Gilman, 370; Hough v. Doyle, 8 Blackford, 300. The decree, then, as to the present plaintiffs in error cannot be sustained. The only remaining question is, whether the decree must be wholly reversed, or only so much thereof as relates to the plaintiffs in error. At law, it is well settled that a judgment against several defendants cannot be reversed as to one, and affirmed as to the others. The judgment is ah entire thing, and must be affirmed or reversed in toto. It is jointly binding on all of the defendants. Each is individually liable for its full payment. Where the same reasons apjjly to a decree in chancery, the same rule must be held applicable. A joint decree against several defendants for the payment of a particular sum of money, is undoubtedly a decree of that character. In such case, each defendant is personally liable for the performance of the entire decree. He cannot discharge himself from responsibility, by the payment of his aliquot share. If erroneous, the decree must be wholly reversed at the instance of a party bound to perforin it. But the decree in the present case is not of such a character. The land in question descended to the heirs as tenants in common, On the death of their ancestor, each became seized of an undivided fifth part thereof. Although their title was derived from a common source, each held a several and distinct estate in the land, which he could dispose of without the assent,, or concurrence of the other tenants in common. Each could maintain ejectment for the recovery of his portion. He could alien the and thereby make his grantee a tenant in common with the other heirs. Under this decree he could release himself from all responsibility, by a conveyance of his interest to the complainant. He might thus, as respects himself, fully satisfy the decree; and at the same time leave it in full force and effect as to his co-defendants. The decree, although in form a joint decree against the heirs, is in fact but a several decree against each of them. It establishes no joint liability. It operates only on the separate estates of each of the heirs. There is no more difficulty in reversing this decree as to the plaintiffs in error, and leaving it in full operation against the defendants who are barred by the lapse of time from reversing it, than there is in reversing a distinct part of a decree, and affirming another portion having no necessary connection with the part reversed. In the opinion of the Court, the decree should only be reversed as to the plaintiffs in error. They cannot complain of such a course. Their interests will not in any manner be affected by a partial reversal of the decree. It will leave the complainant a tenant in common with them, in the place of the other heirs. To this they cannot object, for if the decree should be wholly reversed, the other heirs might immediately, and without their consent, put the cpmplainant in the same position, by a conveyance of their portions to him. This decision will be in strict conformity to the well established practice in cases of appeals from decrees in chancery—an appeal being the only mode, in the absence of statutory regulation, of reviewing proceedings in chancery before a superior tribunal. A party aggrieved by one part of a decree cannot, by appeal, call in question another part of the decree in which he is not interested, although the terms of the appeal may be broad enough to embrace it. Cuyler v. Moreland, 6 Paige, 273; Hoxie v. Van Shaick, 7 Paige, 221. Nor can a defendant, who does not join in an appeal, have the benefit thereof, even though the result of it may show that the decree was erroneous, as well against him as the appellant. 1 Barbour’s Oh. Prac., 395; 3 Daniel’s Oh. Prac., 124. So much of the decree of the Circuit Court as relates to the plaintiffs in error is reversed, with costs. Decree reversed.