MARY E. BENNETT *et al.*

*v.*

JOHN S. BRADFORD *et al.*

*Filed at Springfield March 31, 1890.*

1. CHANCERY—*preserving the evidence—of the mode—as a part of the decree—and of a motion for signing a certificate of evidence.* The recital of the evidence taken in a suit in chancery is a part of the decree, and this is not changed by our statute providing for the admission of oral evidence in chancery cases.  If the evidence is preserved by certificate or bill of exceptions, it is still a part of the decree.

2. A motion in a chancery case for the signing of a certificate of the evidence, is in effect a motion to amend the decree previously entered, and is in apt time if made at the term the decree is entered, and its effect is to suspend the decree until the motion is decided.  Such a motion is continued by the adjournment of the terms of court without its being decided, even though the case is left off the docket at an intermediate term.

3. SAME—*decree against an infant—by consent.* It is error to enter a decree against infant defendants, by consent, without any evidence.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county;  the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. GROSS & BROADWELL, for the appellants:

It is error to pronounce a decree against infants in the absence of full and satisfactory proofs.  *McClay* v. *Norris,* 4 Gilm. 370;  *Enos* v. *Capps.* 12 Ill. 255;  *Hamilton* v. *Gilman,* 12 id. 260;  *Tuttle* v. *Garrett,* 16 id. 354;  *Chaffin* v. *Kimball's Heirs,* 23 id. 36;  *Quigley* v. *Roberts,* 44 id. 503;  *Preston* v. *Hodgen,* 50 id. 56;  *Gooch* v. *Green,* 102 id. 507;  *Blair* v. *Reading,* 99 id. 600.

The proofs must be preserved in the record.  *Cost* v. *Rose,* 17 Ill. 276;  *Reddick* v. *Bank,* 27 id. 145;  *Kennedy* v. *Merriam,* 70 id. 228;  *Chaffin* v. *Kimball's Heirs,* 23 id. 36.

It was the duty of the court, not only to appoint a guardian *ad litem,* but to see that a defense was made for the infants. *Peak* v. *Pricer,* 21 Ill. 164; *Rhoads* v. *Rhoads,* 43 id. 239.

The guardian *ad litem* can neither admit nor confess the charges in the bill, or bind the infants in any way. *Reddick* v. *Bank,* 27 Ill. 145; *Chaffin* v. *Kimball's Heirs,* 23 id. 36; *Chambers* v. *Jones,* 72 id. 275.

The next friend can only claim and pursue the rights of an infant, and is powerless to yield them to another. *Railroad Co.* v. *Kennedy,* 70 Ill. 350.

Not finding any evidence preserved in the record, the presumption is that no verbal testimony was heard. *Ward* v. *Owens,* 12 Ill. 283; *White* v. *Morrison,* 11 id. 361; *Osborne* v. *Horine,* 17 id. 92; *Kennedy* v. *Merriam,* 70 id. 231; *Chaffin* v. *Kimball's Heirs,* 23 id. 38.

Messrs. BROWN, WHEELER & BROWN, for the appellee Bradford:

The failure to present the certificate to the judge before the time limited, or to procure an extension of time in which to present it before September 10, 1888, renders any certificate signed after that date absolutely void. *Magill* v. *Brown,* 98 Ill. 235; *Turner* v. *Rutledge,* 13 Bradw. 454; *Hake* v. *Strubel,* 121 Ill. 321.

A judge may correct a decree at the same term it was signed, but he certainly can not impeach it by a certificate of evidence. *Cooley* v. *Scarlett,* 38 Ill. 316; *Lilly* v. *Shaw,* 59 id. 72; *Hurd* v. *Goodrich,* id. 450.

It can not be denied that it is good practice to incorporate evidence in a decree by recitals, and they can no more be questioned than can those of a bill of exceptions. *White* v. *Morrison,* 11 Ill. 361; *Cooley* v. *Scarlett,* 38 id. 316; *Allen* v. *LeMoyne,* 102 id. 25.

Where the facts are recited in the decree, the party desiring to question them must preserve all evidence,—and this must

affirmatively appear. *Thomas* v. *Adams*, 59 Ill. 223; *Moore* v. *School Trustees*, 19 id. 83; *McIntosh* v. *Saunders*, 68 id. 128; *Kelsey* v. *Starkey*, 11 Ill. App. 84; *Brown* v. *Miner*, 21 id. 60.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question that need be considered upon this record arises thus: Decree was rendered against appellants, who are minors, on the 7th of May, 1888. At a subsequent day, during the same term, motion was made to the court, on behalf of appellants, that a certificate of evidence then presented be signed by the chancellor; and at a still later day, during the same term, the chancellor made, and caused to be entered of record, an order of court extending the time for filing the certificate of evidence until September 10, 1888. On the 3d day of September, 1888, at the term of the court then in session, the chancellor made, and caused to be entered of record, another order, that "all pending causes, motions, whether general or to a day, and all other matters, are continued until the November term" of the court. At the November term of the court an order was entered in the case, in these words: "Application for certificate of evidence by infant complainants continued." At the next term of the court the following certificate was made and filed in the case by the chancellor:

"I hereby certify, that on the 7th day of May, 1888, the same being one of the days of the May term, 1888, of the circuit court of the said county of Sangamon, a decree was presented to me by Mr. Wheeler, of Brown, Wheeler & Brown, and W. E. Shutt, of Patton, Hamilton & Shutt, which decree is in the words and figures following, with the memoranda attached thereto, as follows, namely: [Here the certificate sets forth the decree and memoranda thereon.] And, at the time the statement was made to me, that the decree was satisfactory to all the parties,—which statement was made by Mr. Wheeler. Thereupon the decree was entered and approved as the decree in said cause. And I certify that there was no evidence in the

cause, and no hearing in the cause with reference to the rendition of said decree, except as herein stated, as a decree entered on the statements of counsel and agreement as therein made.

JESSE J. PHILLIPS, *Judge.* [Seal.]

"*Springfield, January 24, 1889.*"

Motion was made by appellees to expunge this certificate from the record. There was a certificate of the clerk of the circuit court that the case was off docket at the September term of the court, 1888, but re-docketed at the November term of that year. The Appellate Court held that it was too late to present the certificate of evidence after the 10th of September, 1888, and therefore expunged the certificate from the record, and affirmed the decree of the circuit court.

The recital of the evidence is a part of the decree. Seaton's Decrees in Equity, p. 6 ; 2 Daniell's Ch. Pr. (Perkins' ed.) 1022. And this is not changed by our statute providing for the admission of oral evidence in chancery cases. If the evidence is preserved by certificate or bill of exceptions, it is still part of the decree. (*White* v. *Morrison et al.* 11 Ill. 361 ; *Cooley, Impl. etc.* v. *Scarlett,* 38 id. 316 ; *Underwood* v. *Hossack,* 40 id. 98.) The motion, therefore, that the certificate of evidence presented to the chancellor be signed, was, in effect, a motion to amend the decree previously entered. Having been made during the term at which the decree was entered, it was made in apt time, and its effect was to suspend the decree until it was decided. The orders made continued the motion until its decision by the chancellor, and, even without those orders, the adjournment of the court without a decision of the motion would have carried the motion over to the next term. (Rev. Stat. 1874, chap. 37, sec. 38.) The failing to docket the case at the September term was a mere clerical error, and could not affect the rights of these appellants. We must therefore read the decree here with the certificate of the chancellor as a part of it. When this is done, we have a decree by consent, without any evidence, and this, as against minors, is always

error. *McClay* v. *Norris,* 4 Gilm. 370 ; *Enos* v. *Capps,* 12 Ill. 255 ; *Hamilton* v. *Gilman,* id. 260 ; *Tuttle* v. *Garrett,* 16 id. 354 ; *Chaffin* v. *Kimball Heirs,* 23 id. 36 ; *Quigley* v. *Roberts,* 44 id. 503 ; *Preston* v. *Hodgen,* 50 id. 56 ; *Gooch* v. *Green,* 102 id. 507.

For this error the decrees of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings. *Decree reversed.*