LUSK, PLAINTIFF IN ERROR, v. PATTERSON ET AL, DEFENDANTS IN ERROR.

1. PROBATE MATTERS—CLAIMS AGAINST ESTATES.
Debts against an estate are only those contracted by the deceased.
2. SAME.
A debt contracted by the administratrix is not a debt against the estate.

3. INFANTS—INCAPACITY OF.

Infants are incapable of consenting to anything prejudicial to their inheritance, and any consent given can be retracted after becoming of age. Their guardians have no power to bind them in such matters.

*Error to the District Court of Arapahoe County.*

PLAINTIFF in error was plaintiff below. He was for some years (and perhaps still is) a lawyer engaged in practice in Washington, D. C. The suit was brought to recover $6,000 and over for professional services.

Prior to the year 1864 John S. Fillmore was an assistant paymaster of the government. In that year he. died intestate, leaving an estate principally in land in the city of Denver, and leaving as heirs, his widow, Elizabeth M., and two sons. At the time of his death he was indebted in a large amount to the government for moneys that had come into his hands in his official capacity. Elizabeth M. (the widow) married Jeremiah Kershow. Two sons were the issue of such marriage. In 1868, Mrs. Kershow was appointed administratrix of the estate of her former husband, Fillmore, and acted as such until her death in 1876. Mrs. Kershow, by will, left her entire estate to her husband, Jeremiah. He died testate in 1882. After his death the two sons of Fillmore and the two sons of Kershow became the owners of the estate left by Fillmore. Some time after the death of Fillmore, the date does not appear, but subsequent to her marriage with Kershow, Elizabeth M. employed the plaintiff to effect, if possible, a settlement with the government.

By the terms of their agreement plaintiff was to receive as compensation twenty per cent of the amount that he succeeded in reducing the government claim against Fillmore. It appears he succeeded in reducing it $30,069.31, and claimed $6,013.96 for such services. On the 4th of September, 1874, Elizabeth M., as administratrix, executed and filed in the probate court a writing acknowledging the correctness of the claim and consenting that the claim be allowed against

the estate; and on the same date W. C. Kingsley, probate judge, allowed the claim "to be paid in due course of administration of said estate and be classed in the fourth class of claims against said estate." The claim remained unpaid and in this condition, at the time of the death of Mrs. Kershow (administratrix). After her death, C. B. Patterson, defendant in error, was appointed administrator of the estate of Fillmore and Mrs. Kershow and guardian of the two Fillmore boys, and Thomas M. Clayton and J. Henry Kershow were executors of the estate of Jeremiah Kershow after his death in 1882, and J. Henry Kershow was the guardian of the Kershow boys. A difficulty having arisen between the two sets of boys, an agreement was made between Patterson, the administrator, and the executors of Kershow, by which each set of heirs was to pay one half of the indebtedness of the estate. In 1885, Patterson made his final settlement as administrator. All other indebtedness had been paid. It is alleged that Patterson, at the time of the settlement and his discharge, represented to the probate court that plaintiff's claim had never been prosecuted to judgment; had not been continued from term to term as required by law, and by such representation procured its dismissal for want of prosecution.

This suit was brought in the district court against Patterson and the sons of Fillmore, who had attained their majority, to collect the one half of the original claim of $6,000 and over, which one half with interest amounted to over $5,000 at the time of bringing the suit.

It will be observed that the allowance of the claim against the estate at the instance and request of the administrator occurred July 25, 1874; the settlement of the estate and discharge of Patterson in 1885. This suit was commenced in July, 1887. Various defenses were interposed, several of which it will not be necessary to notice. That considered important and conclusive of the case is the eighth—in effect, that the allowance of the claim against the estate was erroneous; that it was the individual debt of Elizabeth M. Ker-

show for professional services rendered her long after the death of Fillmore, and not the debt of Fillmore at or before his death, nor of his estate.

A trial was had to the court; the issues found for the defendants, and on February 20, 1888, a judgment and decree entered against the plaintiff dismissing the complaint, and for costs.

Messrs. THOMAS & THOMAS, for plaintiff in error.

Messrs. MARKHAM & CARR, for defendants in error.

REED, J., delivered the opinion of the court.

No opinion was filed by the trial court. The finding was general, consequently there is nothing to show upon what issues the judgment was based. From the time of the allowance of the claim by the probate court to the bringing of this suit was about thirteen years, during which no steps whatever were taken to secure the payment of the claim. From 1868 to the time of her death in 1876, Mrs. Kershow, at whose instance the claim was allowed, was administratrix. From 1877 to his discharge in 1885 the defendant, Patterson, was administrator, and during all these years the claim remained in abeyance unprosecuted. The estate was, during the entire time, solvent. Why it was not prosecuted is not satisfactorily shown. The claim at least was very stale—not one to appeal strongly to a court. All legal presumption of vitality and validity being against it. It will also be observed that the claim was dismissed and stricken from the docket on the 6th of April, 1885, and no effort made to revive or reinstate it in that court. It is impossible to determine from the pleadings whether plaintiff relied upon the supposed judgment or allowance of the claim in the probate court, or upon the contract of June 8, 1882, wherein it was agreed that the two sets of heirs should, respectively, pay each one half of all debts owing by the estate, or upon both. The suit only having been brought against one set of heirs for one half of the claim, it would seem to have been predicated

upon the contract. The other one half has recently been determined in the supreme court of this state in the case of *Lusk v. Kershow et al.*, where it was held such an action could not be maintained, affirming the judgment of the district court. In that case the court did not find it necessary, on the errors assigned, to determine whether or not the claim was a valid one against the estate. The contract between the guardians as to the payment of debts was held invalid, and the case determined principally upon that ground.

In this case three supposed errors are assigned:

The first, the admission of improper and rejection of proper evidence.

The second and third may be consolidated, and are in substance only to the effect that the judgment was wrong; that it should have been for plaintiff.

We shall not examine the case with reference to the first assignment. In our view it was immaterial what, or whether any evidence, was received or refused. The first question to be determined is, was the claim in question a debt of the estate of John S. Fillmore?

The debts against an estate are and, of necessity, can only be, those contracted by the party before death, before the property becomes an estate to be administered. This debt was contracted by the administratrix nine years after the death of Mr. Fillmore. The services for which the debt was contracted were, beyond question, beneficial to the administratrix and her children as heirs, undoubtedly increased the amount of the estate to be distributed, but this fact did not make the claim for such services a legal demand against the estate. The claim was for services in compromising and reducing a large claim against the estate, by which some $30,000 was added for distribution. It appears to have been a successful effort in getting a large amount of a valid claim remitted or condoned. It must be observed that there is a wide distinction between debts due by an estate and those contracted in the course of administration, and in the manner of their allowance. To allow any debt contracted in administrating

an estate as the debt of the estate, would be error, and it certainly was in this case where the allowance was made solely upon the authorization of the administratrix, who had contracted it. It opens the door to fraud. A pretended creditor and the administrator, by collusion, could absorb the entire estate. The claim was not the debt of the estate; first, for the reason that it had no existence at the time of Fillmore's death, nor until nine years afterwards. This statement of a legal conclusion so obvious, needs no support from authority.

Our statute is conclusive of the question. Sec. 3606, chap. 114, Genl. Stats. is as follows: "Fourth. All other debts and demands of whatsoever kind, without regard to quality or dignity, *which shall be exhibited within one year from the granting of letters, as aforesaid, shall compose the fourth class* * * * *and* all demands not exhibited within one year, as aforesaid, shall be forever barred," etc. See also §§ 3607, 3608, 3609, 3610, 3617, 3520, same chapter. That it was not a debt against the estate, see Schouler on Exec. & Adm. § 544; *Fallon v. Butler*, 21 Cal. 25; *Gray v. Palmer*, 9 Cal. 639; *Carr v. Caldwell*, 10 Cal. 380; *Gurnee v. Maloney*, 38 Cal. 87; *Bates, Adm., v. Varney*, 40 Ala. 441.

To have been a claim against the estate, it must have been a debt contracted by the intestate during his lifetime, or resulting directly from contracts made or liabilities assumed during life. The words " claims against an estate," as used in the statute, apply only to such claims as were debts against the deceased. It follows that the allowance by the probate judge was erroneous, and the supposed judgment void, and the subsequent action of the court in reversing and holding it void, correct, no matter upon what grounds it was put by the court or parties.

The right to sever and sue each set of heirs for a half could only be predicated upon the agreement entered into by the guardians in 1882. That was void. The guardians of the minor heirs had no power to bind them by a contract of that kind. The authorities in support of this proposition are numerous. See *Hutchinson v. Laughlin*, 15 Colo. 492; *Daniel Chy. Pl. & Pr.* (4th ed. ) 169–173; *Enos v. Capps*, 12 Ill.

255; *Bennett v. Bradford*, 132 Ill. 269; *Lusk v. Kershow*, 17 Colo. 481.

Had the guardians of the minor heirs had the power to bind their wards by a contract of the kind under consideration, the claim in this case, as shown above, would not have been embraced in it.

The contract was that each set of heirs should pay one half of all "claims against the estate." This not being a claim against the estate, was not brought within its provisions.

The supposed consent and signatures of the heirs to the contract in question could add nothing to its validity; being infants, they were incapable of consenting to anything affecting their inheritance, and any consent given could be retracted after becoming of age.

The action is one at law, and, to be sustained, the validity of the claim as one against the estate and the validity of the contract must have been established, or a recognition of it and an express promise by the heirs to pay after attaining their majority, proved.

The right to follow an estate or the proceeds of it in the hands of heirs after distribution and settlement is one that can only be enforced in equity, where the character of the claim and the circumstances are such as to render the retention by the heirs inequitable. Then all unreasonable delay and failure to prosecute and secure payment during administration must be legally and satisfactorily explained, and the suit must be against all to whom the estate was distributed.

It is ably contended that the claim was barred by the statute of limitations, and many authorities are cited that seem to establish the contention, but having found that the claim was not a valid one against the estate, that in fact it was barred long before it was contracted, and that the contract relied upon created no legal liability to pay it, it becomes unnecessary to determine the questions of statutory bar and laches.

It follows that the judgment of the district court must be affirmed.

*Affirmed.*