Bissell, J.,
delivered the opinion of the court.
The appellant attempts in this proceeding to make the heir responsible for a breach of a covenant of warranty, executed by the ancestor, and to reach the assets of the estate in the hands of the administrator. The remedy invoked to recover the damages asserted is altogether unavailable. To understand the situation, the facts which appear in the abstract, as well as some which are possibly suggested, rather than set out, must be stated. Robert Richens died in the early part of 1892, leaving as his heir Elizabeth Mary Davis. Prior *427 to his death the title to the property embraced by the covenants was in his wife. She conveyed to her husband, Robert, and died. After her death, and by virtue of the title which he acquired, he conveyed to Washington Pastorius and W. H. Calvert portions of the premises embraced in his deed. After this conve3rance Washington Pastorius died, leaving Mary W. Pastorius as his heir, who, with Calvert, was in possession and claimed title to the property. After the death of Robert, Elizabeth, as the heir of her mother, as is suggested rather than made actually apparent by the record, brought suit against Pastorius and Calvert to recover possession of the land, alleging a defect in the conveyance between the parents. W-. A. Davis was appointed as the administrator of Robert Richeus. While this suit was pending and the estate of Robert Richens'was in process of settlement before the county court, Pastorius and Calvert filed a petition in the county court, setting up their claim of title; the pendency of the suit; the insolvency of the estate, other than as to the funds then under the control of the county court for distribution and in the hands of the administrator Davis; the insolvency of the plaintiff, Elizabeth Mary Davis; and praying that the funds which the administrator held should be retained in the control and custody of the court until the determination of that action for possession which the heir, Elizabeth Mary, had brought. The heir was unsuccessful in her suit, but paid the costs and took a new trial under the statute, which is permitted in actions of ejectment. Afterwards an additional petition was filed in the county court setting up what was called a claim against the estate of Robert Richeus, and itemized under the head of expenses incurred in traveling and obtaining evidence in the suit of Davis against Pastorius in the sum of $50.00, and for attorney’s fees in defense of the suit, amounting to $500. The petitioner prayed to be allowed to file his claim for $550 on behalf of the estate of Mary W. Pastorius against the estate of Robert Richens. The petition contained allegations in regard to the character of the suit, the cost and damage which *428 the petitioner and testatrix had been put to in defending it, alleged disbursements were made, and prayed tbe allowance of this claim against the estate of Robert Richens.
This brief statement will show the character of the controversy and the nature of the claim which the petitioner made, which was sought to be enforced in the county court and on which the appellant insists on this hearing. A learned and possibly accurate argument has been made on the question whether the heir is liable on the covenants of warranty of the ancestor, and what facts constitute a breach and give a cause of action against the heir. The character of the damages for which the heir must respond and the liability of the estate for those damages is also discussed. We do not intend to dispose of any of these propositions, for we do not regard them as involved in this controversy, or the case as one which calls for their decision, or permits their application. If the petitioners had any claim at all, concerning which we express no opinion, it was undoubtedly an action against the heir and possibly against the administrator for a breach of the covenant, if they were able to allege and prove the existence of a covenant, and the facts which would show that it had been broken. We are unable to determine in this proceeding either of these questions. No suit for breach of a covenant was brought either against the heir or the administrator, nor was there any judgment recovered against either on this or any other cause of action. It is quite possible what the heir did may have amounted in law to a breach of the covenant, and a suit therefor might possibly lie against either or both of the parties. Even if both are conceded, still we do not understand a case is presented that permits the appellant to file in the county court as against the estate a claim, and have it allowed, and paid out of the assets. As we understand the law governing county courts acting as courts of probate under proceedings of this description, a claim properly so denominated is a debt of the decedent, or at least a claim against the decedent existing in his lifetime, and which the parties have a right to file against the *429 estate, have allowed, and paid out of the property which may have passed into the hands of the administrator. We do not understand that an unliquidated claim growing out of a breach of a covenant of warranty, committed by the heir of an ancestor, is of the description requisite to entitle the party to this kind of a remedy. It is possible the petitioners might have commenced a suit at law for a breach of the covenant, and might' either in that or in some other proceeding, having shown themselves entitled to it, restrained the administrator from paying the funds to the heir, or the heir from receiving them until the determination of that litigation by judgment when the right of enforcement might have run against the estate which the administrator held. We do not intend to express any definite opinion about, the right or about the remedy, and only hold for the purposes of this appeal that the petition-stated no claim which the petitioner was entitled to file as a claim against the estate of Kobert Richens, have allowed as such, and paid at the time when his petition was filed and under the circumstances then existing. The county court adjudged the plaintiff was without right to insist upon the allowance of the claim, disallowed it, and denied the petition.
■ We are unable to discover any error in the judgment. It will therefore be affirmed.

Affirmed.

Wilson, J., not sitting.