Thomson, J.
The appellants, Riner & Schnitger, filed in the probate court of Arapahoe county, the following statement of a claim against the estate of John H. Husted, deceased:
“ The estate of John H. Husted to
Charles W. Riner and William R. Schnitger, Dr. “1896.
“Jan 15. To damages suffered by the said Charles W. Riner and William R. Schnitger on account of failure of the administratrix of the estate of John H. Husted, deceased, to accept from the said Charles W. Riner and William R. Schnitger $28,000 worth of bonds of Casper, State of Wyoming, and known as the Casper Water Works bonds, in accordance with the terms of a contract entered into by and between the said Charles W. Riner and William R. Schnitger on the one part, and the said John H. Husted on the other part — said John H. Husted having agreed to purchase said bonds at the sum of 90 cents on the dollar, and the said Charles W. Riner and William R. Schnitger being compelled to sell said bonds on account of the failure of the said administratrix to accept them at the said 90 cents on the dollar, at the sum of 88 cents on the dollar $1,610.00
To expenses incurred by reason of failure of said administratrix, as follows:
To expenses in Denver, six days, in endeavoring to sell said bonds 30.00
To railroad fare to Denver and return 9.30
To services in Denver in selling said bonds 100.00
$1,749.30
“Indorsed: Filed.”
*525 The claim was allowed by the probate court, and the administratrix appealed from the decision to the district court. The cause was tried in that court by a jury, who returned a verdict for the estate, and judgment was entered accordingly. The claimants have brought the case here by appeal.
At the trial in the district court, the claimants introduced a number of letters to them from Mr. Husted, only one of which is of any importance. That one reads as follows :
“Denveb, Sept. 2,1895.
“ Messbs. Rineb & Schnitgeb,
“Cheyenne, Wyo.
“ Gentlemen: I hereby agree to purchase the issue of Casper Water Works bonds of Casper, Wyo., amounting to twenty-three thousand ($28,000) dollars subject to their legality, approved by some reputable lawyer on municipal matters, at ninety (90) cents on the dollar.
“ Yours very truly,
“John H. Husted.”
EYom other evidence it appears that Daniel E. Parks was the lawyer whose judgment was wanted, and that he rendered his opinion in writing, affirming the validity of the bonds, on February 10, 1896. A witness, George W. Wright, stated that Mr. Parks reached the conclusion expressed in his opinion, before the death of Mr. Husted, and that the latter was informed of it. Mr. Riner, one of the claimants, testified that in the latter part of December, 1895, he brought a portion of the bonds to Denver, but learned that Mr. Husted was dead; and that afterwards, early in February, 1896, he brought the same bonds, and some additional ones, to Denver, to offer them to the administratrix, Mrs. Husted, but she refused to receive them, or any part of them. He stated that, on May 9, 1896, after some unsuccessful efforts to dispose of the bonds to other parties, he returned them to Mr. McGarney, the person from whom he received them, at eighty-three cents on the dollar, and that this was the best price he was able to obtain for them.
*526 It seems that only part of the bonds were ever tendered to the administratrix, but it is contended that she waived the production of the others, by failing to make the objection that they were not all forthcoming. From the evidence, as we find it in the abstract, we are inclined to think that there was no waiver'; but, for the purposes of our decision, we shall concede the contention, and give the refusal the same effect as if all the bonds had been produced. We shall rest our decision upon two grounds, either of which is sufficient to dispose of the case. Mr. Husted, by his letter of September 2, 1895, used the word “ agree; ” but no consideration was expressed, and the whole tenor of his letter shows that the word was used and intended as the equivalent of the word “offer.” It had no larger or other signification. Railway Co. v. Davis, 43 N. Y. 240. The letter was therefore an offer to purchase the waterworks bonds, provided they were pronounced legal by a reputable lawyer, at ninety cents on the dollar. We shall assume that the offer was to purchase from the claimants, upon the condition, and at the price named. Until the offer should be accepted by the parties to whom it was made, there was no contract. It might be withdrawn at any time before acceptance, and in case of its withdrawal, it would cease to be of any effect. And if the decedent did not withdraw it in his lifetime, and it was still unaccepted, his death operated to revoke it, and it became a nullity. The tender to the administratrix was nugatory. 1 Beach on Modern Law of Contracts, §§ 42, 43; Railway Co. v. Davis, supra. Aside from the tender of the bonds to the administratrix, there was no proof, and no pretense, that the offer of Husted was ever accepted.
But if we should assume that the tender to the administratrix was a sufficient acceptance, the claim did not belong to the class of demands which might be exhibited against the estate in the probate court. It never was a claim against the decedent. No liability was ever incurred by him on account of the bonds. He had never refused to take them, and had never been notified that he was expected to take them. *527 If the refusal by the administratrix to receive the bonds created a liability, it was a new liability, incurred after the death of Mr. Husted, and while the administration of the estate was in progress. It was incurred by the administratrix. If it was a valid claim, it could have been enforced, but not by. the method which the claimants pursued. To be provable in the probate court it must have been a demand against the decedent, existing in his lifetime. Lusk v. Patterson, 2 Colo. App. 306; Pastorius v. Davis, 9 Colo. App. 426. The probate court had no jurisdiction, and if there was a remedy, it should have been sought in another tribunal.
The appellants complain of the admission and rejection of evidence, and the giving and refusal of instructions. We shall not dwell long upon the objections urged. The difficulty in the case is fundamental. Nothing which the appellants sought to prove could have converted the unaccepted offer of Husted into a contract, and nothing which was admitted for the estate made the want of a cause of action any more evident than the appellants themselves made it. Nor was the question of the jurisdiction of the probate court in the least affected by the rulings. Respecting the instructions, it is enough to say that the case should not have been submitted to the jury at all. There was nothing for them to pass upon, and it is immaterial what the instructions were. The court may have committed technical error in the course of the trial, but the error could not have injured the appellants, for they had no case on account of which they could suffer injury.
Let the judgment be affirmed.

Affirmed.