[No. 2322.]

## In re Estate of Currier, Deceased.

### CURRIER V. JOHNSON ET AL.

1. **Appellate Practice—Estates of Decedents—Final Judgment.**

An order of the county court allowing a claim against an estate for counsel fees and directing its payment out of the funds of the estate, is a final judgment from which an appeal will lie.

2. **Estates of Decedents—Counsel Fees—Claims Against Estate —Jurisdiction.**

The county court sitting for probate purposes has no jurisdiction to allow a claim against an estate for counsel fees incurred by persons who had been executors of the estate, after they ceased to be such executors, in defending their actions while acting as such executors.

*Appeal from the County Court of Weld County.*

Mr. CHAS. D. TODD, for appellant.

Messrs. ESTEB & WOLFF and Mr. H. N. HAYNES, for appellee.

GUNTER, J.

Warren Currier died, leaving a will, whereby he appointed appellees Johnson and Wheeler as executors of his estate, and as the testamentary trustees thereof. They qualified and for some time discharged their duties executorial, and as trustees.

Wheeler resigned, which resignation was accepted by the county court of Weld county, in which the will of the deceased had been probated, and in which the estate was being administered. By the same court appellee Clark was appointed as successor. For some time the duties executorial, and as testamentary trustees, were performed by Johnson and Clark, when both resigned. The terms of the will are fully set out in No. 2285, *Virginia Currier et al., plaintiffs in error, v. Bruce F. Johnson et al., defendants in error,* recently decided by this court, *ante,* p.

94. Such suit, instituted in the district court of Weld county, and transferred to the district court of Arapahoe county, was by the grandchildren of Warren Currier, residuary legatees of the principal estate, and the widow of Warren Currier, against appellees, Johnson, Wheeler, Clark and other parties, to have an accounting for losses sustained through the principal estate being depleted by the alleged fraudulent and illegal acts of appellees and their successors as trustees, and for other relief. A general demurrer to the complaint was sustained, the court holding that it had no jurisdiction of the proceeding. Application was made to that court by appellees for an order allowing them counsel fees for such expense incurred in that proceeding. That court did not allow such fees, but expressed its opinion, in an advisory way, that the county court, in which the administration of the estate of Warren Currier was pending, should make the allowance, and as to the amount. Appellees thereafter filed their petition in the county court in the matter of the above estate, wherein they recited the institution of the suit in the district court against themselves and others, the filing of the demurrer, the advisory order of the court as to the allowance of counsel fees, and prayed the county court to allow them fees in accordance therewith. To this petition appellant, one of the beneficiaries of said estate, demurred. The demurrer was overruled, and thereupon the court entered the following judgment of allowance:

"It is therefore ordered that said respondents, James Tuckerman and William Mayher, executors of the last will and testament of Warren Currier, deceased, pay out of the income fund in their hands belonging to said estate of Warren Currier, deceased, the said sum of $500 as attorneys' fees by the said petitioners, to wit:

"The sum of $100 to Charles H. Wheeler, the sum of $200 to Bruce F. Johnson, and the sum of $200 to Horace G. Clark, and make report thereof in their next quarterly report filed herein."

From this judgment appellant, one of the beneficiaries of the income fund, brings this appeal.

Wheeler had not been an executor of said estate since 1893, Johnson and Clark ceased to be executors in January, 1897. The suit for counsel fees incurred in the defense of which they ask to be allowed was instituted in November, 1899. This is not a case where an executor or other personal representative asks to be allowed his reasonable counsel fees expended in good faith in behalf of the estate under administration, but is a claim filed by third parties for counsel fees arising in defending a suit instituted against them for an accounting for losses sustained through the principal estate of which they were once executors and trustees being depleted by their alleged fraudulent and illegal acts as its trustees, and for other relief.

1. Is the judgment allowing this claim appealable? A claim was filed against the estate by appellees, according to the recitals of the judgment it was considered, a judgment made allowing it and ordering payment by the representatives out of the income fund in their hands. We think the order entered determined the matter disputed between the claimants and the estate, so that it was no longer open to contention that it was a final judgment.—*Clements v. Fox*, 6 Colo. App. 377, 387, 40 Pac. 843.

"A formal entry of judgment in such cases, after the manner of judgment in suits at law, is not absolutely required. It is sufficient if it plainly indicates the determination of the court to either allow or disallow the claim."—*Corning v. Ryan, Administrator,*

3 Colo. 525, 530; The American Law of Administration (Woerner), Vol. 2 (2d ed.), § 392.

The order of allowance being a final judgment, and for money, was appealable.

2. The county court was without jurisdiction to allow this claim, and its judgment purporting to do so was a nullity. Appellees filed a claim against the estate of Warren Currier for an expense incurred by them after the death of the testator, and at a time when they were not personal representatives of the estate, and the allowance was asked by them when no longer acting in such capacity.

In *Lusk v. Patterson,* 2 Colo. App. 306, 30 Pac. 253, Lusk performed certain legal services in behalf of the estate of Fillmore, deceased, at the request of his administratrix. He filed a claim for the value of the services, so performed, against the estate. It was allowed. The judgment was held void because the county court was without jurisdiction of the subject-matter.

In *Pastorius v. Davis,* 9 Colo. App. 426, 48 Pac. 833, the ancestor made a deed of certain real estate; after his death, suit was brought against one of the grantees, and the heir of the other, to recover possession of the land. In the matter of the estate of the ancestor a claim was filed by the personal representative of the heir of one of the grantees, in her behalf and in behalf of the other grantee, for damages arising through the breach, after his death, in a covenant of the ancestor's deed. It was held that the court was without jurisdiction of the claim. In the course of the opinion it was said:

"As we understand the law governing county courts acting as courts of probate under proceedings of this description, a claim properly so denominated is a debt of the decedent, or at least a claim against the decedent existing in his lifetime, and which the

parties have a right to file against the estate, have allowed and paid out of the property which may have passed into the hands of the administrator. We do not understand that an unliquidated claim growing out of a breach of a covenant of warranty, committed by the heir of an ancestor, is of the description requisite to entitle the party to this kind of a remedy."

In *Riner v. Husted,* 13 Colo. App. 523, -6, -7, 58 Pac. 793, a claim was filed in the matter of the estate of Husted, deceased, in which damages were claimed on account of failure of the administratrix of Husted to accept from claimants certain bonds in accordance with the terms of a contract between claimants and the deceased. The bonds were tendered to the administratrix and refused. One of the reasons assigned for the affirmance of the judgment of the court disallowing the claim was lack of jurisdiction to make the allowance. The court said:

"But if we should assume that the tender to the administratrix was a sufficient acceptance, the claim did not belong to the class of demands which might be exhibited against the estate in the probate court. It never was a claim against the decedent. No liability was ever incurred by him on account of the bonds. He had never refused to take them, and had never been notified that he was expected to take them. If the refusal by the administratrix to receive the bonds created a liability, it was a new liability, incurred after the death of Mr. Husted, and while the administration of the estate was in progress. It was incurred by the administratrix. If it was a valid claim, it could have been enforced, but not by the method which the claimants pursued. To be provable in the probate court it must have been a demand against the decedent, existing in his lifetime. * * * The probate court had no jurisdiction, and, if there was a remedy, it should have been sought in another

tribunal."—See also The American Law of Administration (Woerner), (2d ed.), Vol. 1, § 152; Vol. 2, § 356.

This was a final judgment, was appealable, the lower court was without jurisdiction to render it; it will, therefore, be reversed. .                    *Reversed.*