NANCY STEPHENS, Appellant, *vs.* EMMA B. COLLISON *et al.* Appellees.

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. WITNESSES—*extent to which husband may testify in a suit by wife.* In a suit by a wife to set aside a contract of settlement made between her and the executors of her father's will concerning her separate property, her husband, who was present when the contract was executed, is competent to testify as to the condition the contract was in at that time and may testify to any statements made to him by the executors, and is also competent to testify, in rebuttal, concerning statements which the executors testified that he made to them.

2. SAME—*when conversation not in presence of complainant is inadmissible.* In a chancery case, where the question whether certain names in a type-written contract were crossed out before or after the execution of the instrument, it is improper to allow the stenographer, who has testified that she crossed out the names, at the direction of the party who dictated the contract, immediately after writing them, to testify to a conversation with such person with reference to the matter, where the complainant was not present at the time.

3. SAME—*widow cannot testify to matter learned only by reason of the marital relation.* In a suit to set aside a settlement contract between the complainant and the executors of her father's will, the testator's widow is incompetent to testify as to any fact or transaction the knowledge of which she could have acquired only by reason of being the testator's wife.

APPEAL from the Circuit Court of Ford county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

PHILLIPS & LUDLOW, and HERRICK & HERRICK, for appellant.

SCHNEIDER & SCHNEIDER, and BARRY & MORRISSEY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Ford county dismissing appellant's bill for want of equity. This case was heard in this court before on appeal from a decree dismissing the bill after demurrers to the same had been sustained, and is reported as *Stephens* v. *Collison,* 249 Ill. 225. After the cause had been re-instated in the circuit court appellant amended her bill, and, in addition to the other relief prayed for, sought to set aside certain deeds made by Josephus W. Martin in his lifetime to certain of the appellees as a part of the scheme for the distribution of his estate. Answers were filed to the bill as amended, and as a preliminary matter and to determine whether or not appellant was entitled to a trial on the question of the validity of the will, the court heard the issues as to whether the settlement contract and the lease were executed and accepted by appellant by reason of the alleged fraudulent representations set out in the bill. As the allegations of the bill are fully set forth in *Stephens* v. *Collison, supra,* we will not repeat them here but will refer to the statement made in that opinion. The court found for the appellees on this issue and dismissed the bill. As the decree must be reversed for error in the exclusion of evidence we will not discuss the merits of the case.

Appellant lived with her husband in the city of Chicago. The appellees, with the exception of the children and

grandchildren of appellant, resided in Ford and Champaign counties. The testimony discloses that the appellant first learned of the provisions of her father's will on the day of his funeral, and at that time she expressed herself as greatly displeased and declared her intention to contest the will. She appeared at the time the will was offered for probate and resisted the probate of the same, and at that time again expressed her determination to contest the will. Some negotiations were had looking to a settlement, and the executors, Collison and Karr, at the request of appellant called upon her at her home in Chicago on May 25, 1909, and there, in the presence of T. J. Stephens, the husband of the appellant, held an extended conference with her, which resulted the next day in the drafting of the settlement contract and in the making of the lease by the executors to appellant of the 227 acres of land which had been devised to them in trust. The appellant contends that she was induced to execute this contract by the false and fraudulent representations of the executors. She testified that they told her that she could not have a deed set aside which had been recorded, and if she did seek to have the deed set aside it would be necessary for her to bring a separate suit against each of the seven grantees in the four deeds executed; also, that the amount of the personal estate was falsely given her, and that the executors agreed that if she would sign the settlement contract they would procure the signatures of her brother, her two sisters and the Karr children to the same. By the settlement contract appellant was to be paid the sum of $4000, was to be given a lease for the term of her natural life to the 227 acres devised to the executors in trust in lieu of her annuity of $1000, and was to be given a quit-claim deed by the other parties to the contract to 80 acres of the 227-acre tract which by the will was devised for life to Hazel Stephens, a grand-daughter of appellant. Appellant testified that after the agreement of settlement had been arrived at, Col-

lison and Karr left her home and returned shortly thereafter with a typewritten instrument embodying the terms of the agreement, for her signature; that when presented to her it contained, as two of the parties of the second part, the names of Josephus W. Martin and Dolly Martin, his wife. Appellant executed the contract in duplicate at that time, and shortly thereafter, and before it was returned to her, the executors paid to her $2500 at her request, and on June 5, 1909, returned her the contract, signed by all the other parties in interest except Josephus W. Martin and his wife, together with a draft for $1500, being the remainder of the $4000 to be paid. In July following she saw her brother at his home in Champaign county and requested him to sign the contract, which he refused to do. Appellant testifies that at the time the settlement agreement was made the executors told her that they might have difficulty in getting her brother, Josephus W., to sign the contract, and that upon their request she agreed to ask him to do so. She further testifies that they told her that if he did not do so they had a "cinch" on him and would "put the screws to him" and force him to sign. This the executors both deny, and testify that they told the appellant that Josephus was unfriendly to them, and that he would not contribute any of the money they had agreed to pay her and probably would not sign either the contract or the deed, but urged her to do what she could to get him to do so; and they also deny that at the time the contract was presented to Mrs. Stephens for her signature the names of Josephus W. Martin and Dolly Martin, his wife, appeared as among the parties thereto.

On the hearing, the contract as offered in evidence showed that at one time the names of Josephus W. Martin and his wife appeared as parties thereto but had been crossed out by marking the typewritten letter "x" over the names. The executors testified that these names were crossed out in the office of the Hibernian Banking Associa-

tion, in the city of Chicago, where the contract had been dictated by Collison to a stenographer, and that at the time it was presented to appellant for her signature the names of Josephus W. Martin and his wife had been crossed out. Whether these names were crossed out of this contract before or after it was executed by appellant is a material fact in the determination of this issue.

On the trial appellant called her husband as a witness in her behalf and offered to prove by him all the conversation between herself and the executors, Collison and Karr, at the time the settlement was effected, and also the condition of the contract, as to whether the names of Josephus W. Martin and his wife had been crossed out before it was executed by appellant. The court sustained an objection to this testimony and Stephens was not permitted to testify on this subject. This being a case where the wife would, if unmarried, be plaintiff, and also a case where the litigation concerned the separate property of the wife, under section 5 of the act on evidence and depositions Stephens was a competent witness to testify on behalf of his wife on all matters except those prohibited by the proviso of said section 5, which is as follows: *"Provided,* that nothing in this section contained shall be construed to authorize or permit any such husband or wife to testify to any admissions or conversations of the other, whether made by him to her or by her to him, or by either to third persons, except in suits or causes between such husband and wife." In *Donnan* v. *Donnan,* 236 Ill. 341, we construed this proviso as prohibiting the husband or wife from testifying to any conversation between themselves, or to any admissions made by one to the other, or to any conversation between the other and a third person, or to any admission made by the other to a third person, except in suits or causes between the husband and wife. Under this construction of the proviso to said section 5 Stephens was not a competent witness to testify to any conversation be-

tween his wife and the executors, Collison and Karr, and this would include statements made by either Collison or Karr to Mrs. Stephens as well as statements made by her to them. He was competent, however, to testify to any statements made by Collison or Karr to him on that occasion, if any were made, and he was also competent to testify as to the condition of the contract relative to whether the names of Josephus W. Martin and his wife had been crossed out before it was executed by Mrs. Stephens.

Upon the trial Collison and Karr testified to certain statements which they claimed the husband of the appellant made to them during this conference. When called by the appellant in rebuttal to deny these statements her husband was not permitted to testify on that subject. In this the court erred, as he was competent to contradict the testimony of Collison and Karr as to statements which they had testified he had made.

Alice Byrne, a stenographer employed by the Hibernian Banking Association, testified that the settlement contract had been dictated to her by Collison and that the names of Josephus W. Martin and wife were crossed out immediately after it had been typewritten. She was permitted, over objection, to testify to a conversation she had on that occasion with Collison in reference to crossing out these names. Proof of this conversation, had out of the presence of the appellant, was incompetent and should not have been admitted.

Mrs. Hannah J. Martin, the widow of the testator, was called on behalf of the appellant, who offered to prove by her that in September, 1908, she examined the promissory notes and mortgages then owned by her husband and that they aggregated at that time the sum of $86,000. To this testimony the court sustained an objection. This ruling was proper. Mrs. Martin was not competent to testify to any fact or transaction the knowledge of which she obtained by reason of the marriage relation. (*Schreffler* v.

*Chase,* 245 Ill. 395.)    She could have acquired the knowledge of the fact concerning which she was asked to testify only by reason of being the wife of the testator.

For the error in excluding the testimony of T. J. Stephens the decree of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*