NANCY STEPHENS, Defendant in Error, *vs.* EMMA B. COLLISON *et al.*—(JOSEPHUS W. MARTIN, Plaintiff in Error.)

*Opinion filed June 24, 1915.*

1. APPEALS AND ERRORS—*when there must be a severance.* A writ of error must agree with the record in the court to which it was issued, and hence a plaintiff or a defendant may use the names of his co-plaintiffs or co-defendants, as the case may be, in suing out a writ of error; but if less than all the co-plaintiffs or co-defendants assign error while the others are content with the decree, there must be a severance, with the same result as though an appeal had been taken by a portion, only, of the plaintiffs or defendants.

2. SAME—*severance must be had before cause is taken under advisement.* If a portion of the co-plaintiffs in error refuse to assign error and are content with the decree, a severance must be had before the cause is taken under advisement by the Supreme Court, in order that the interests of those not assigning error, if such interests are separate from the interests of those assigning error, may not be affected by a reversal of the judgment or decree should a reversal be had.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

DOBBINS & DOBBINS, and O. H. WYLIE, for plaintiff in error.

SCHNEIDER & SCHNEIDER, HERRICK & HERRICK, A. L. PHILLIPS, and BARRY & MORRISSEY, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

Josephus Martin died leaving a last will and testament, which was admitted to probate in the county court of Ford county. He left a large estate, and by his will gave to his daughter Nancy Stephens, defendant in error, an annuity of $1000, charged upon 227 acres of land. She was dissatisfied and threatened a contest, but the difficulty was settled by contract with the other children and grandchildren, heirs and devisees, except the son Josephus W. Martin, the plaintiff in error. Afterward she filed her bill of complaint in the circuit court of Ford county against the plaintiff in error and twenty-nine other defendants, asking the court to set aside the settlement contract on account of fraud in procuring it, to set aside the will and deeds made by the testator to his other children and grandchildren shortly before the will was executed, and for partition of the lands of the estate. The court sustained demurrers to her amended bill and dismissed it, and she appealed to this court. It was decided that the circuit court erred in sustaining the demurrers and the decree was reversed and the cause remanded, with directions to overrule them. (*Stephens* v. *Collison,* 249 Ill. 225.) The cause was reinstated in the circuit court, where the bill was amended and answers were filed. In order to obtain any of the other relief prayed for in the bill it was necessary, as a preliminary, to set aside the settlement contract. The court heard the evidence on the issues raised concerning that contract and found against the defendant in error and dismissed her bill. She again appealed to this court, and it was found that the trial court had erred in not permitting her husband to testify to material matters as to which he was a competent witness and in admitting testimony of a stenographer about a conversation in her absence, and the decree of the circuit court was again reversed and the

cause was remanded. (*Stephens* v. *Collison,* 256 Ill. 238.) So far the defendant in error has been successful by the judgments of this court, but the litigation was being prolonged and she desired a settlement. For that purpose she submitted to the executors and trustees a written proposition for the settlement of all the matters in controversy, and the executors and trustees filed in the circuit court their petition reciting the proceedings, the proposition of compromise and the accumulation of a large amount of costs and solicitor's fees, and giving their judgment that it was advisable to accept the proposition. The petition stated that all of the parties in interest except the plaintiff in error were willing to accept and carry out the proposition to avoid further costs and expenses incident to the litigation. There was no objection from anyone except the plaintiff in error, who answered the petition and objected to the allowance of it or the approval of the proposition for a settlement. The court heard the evidence and found that the facts set forth in the petition were true as therein stated and that it was for the best interest of the estate of Josephus Martin and all parties interested to accept the proposition, and the court ordered and decreed that the offer of compromise should be accepted and carried out by the executors and trustees. Plaintiff in error prayed an appeal from the decree but failed to perfect it, and has sued out a writ of error to bring the record here for review.

In suing out the writ of error the plaintiff in error exercised his statutory right to use the names of all the parties to the record against whom the decree was rendered, and he procured summons for all his co-plaintiffs in error. He has assigned error on the record, but he could not assign error for the others whose names he had used, and he did not attempt to. The other parties against whom the decree was rendered, upon being summoned, could either assign error or elect not to do so and to abide by the decree, in which case a severance would be allowed and the

268 — 37

plaintiff in error would be permitted to prosecute the writ of error alone. A writ of error must agree with the record in the court to which it is issued, in order that there may be a single determination of all the questions involved in the suit, and if less than all of the parties against whom the decree is rendered feel aggrieved and assign errors while others are content with the decree there must be a severance, with the same result as though an appeal were taken by one or a portion, only, of the defendants. (*McIntyre* v. *Sholty,* 139 Ill. 171; *Cooke* v. *Cooke,* 194 id. 225; *Scott* v. *Great Western Coal and Coke Co.* 220 id. 42; *Wuerzburger* v. *Wuerzburger,* 221 id. 277; *Bellinger* v. *Barnes,* 221 id. 240.) The parties not assigning error are regarded as consenting to the judgment or decree, and if their interests are separate from the interests of the plaintiff in error a reversal will not affect them in any way. If the judgment or decree is a unit a reversal at the instance of one party operates as a reversal as to all, but if the interests are several and independent the reversal will operate only in favor of the plaintiff in error. (*Enos* v. *Capps,* 12 Ill. 255; *Rees* v. *City of Chicago,* 38 id. 322; *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Reno,* 123 id. 273; *Alling* v. *Wenzel,* 133 id. 264.) No one having assigned error except Josephus W. Martin, and there having been no severance, there can be no judgment, since a severance must be obtained before a cause is taken under advisement. *Mills* v. *Teel,* 244 Ill. 39.

The order taking the cause under advisement will be set aside and the parties will be permitted to take such further proceedings as they may deem proper.

*Order taking cause set aside.*